18

**L. B. BROWN, Libellant,**

v.

**BLIDBERG ROTHCHILD CO., Inc.,**
**Respondent.**
**No. 1846.**

United States District Court
D. Delaware,
at Wilmington.
Sept. 30, 1963.

Harold Leshem, Leshem & Rubenstein, Wilmington, Del., and Avram G. Adler, Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

William E. Wiggin, Richards, Layton & Finger, Wilmington, Del., and Mark D. Alspach, Krusen, Evans & Byrne, Philadelphia, Pa., for respondent.

LEAHY, District Judge.

This is an action by a longshoreman to recover damages for injuries sustained while working aboard respondent's vessel, the S. S. SOUTHPORT, while the vessel

was moored at a pier in Mobile, Alabama. The suit is based upon claims of negligence and unseaworthiness.

The matter for disposition is a motion filed by respondent to transfer this action to the United States District Court for the Southern District of Alabama, Southern Division, under 28 U.S.C. § 1404(a).

■■ This Court held in Higgins v. California Tanker Co., D.C.Del., 166 F. Supp. 42 (Wright, C. J.), that the Court's discretion with respect to the transfer of "any civil action" is applicable to the transfer of admiralty suits. The underlying philosophy of § 1404(a) and the factors to be considered in applying that section have been examined by this Court in Glickenhaus v. Lytton Financial Corp., D.C.Del., 205 F.Supp. 102. The three statutory factors are, of course, to be considered, with the last named factor of controlling importance, and that "no longer should disturbing plaintiff's choice of forum be regarded sacrilegious or a rarity if the three statutory factors dictate transfer." [1]

■ After consideration of the record in the case at bar, this Court has concluded that transfer is required under 28 U.S.C. § 1404(a), because:

1. *Convenience of Parties.* The accident which gave rise to this action occurred in Mobile, Alabama, where libellant lives. The witnesses to the accident, as well as the physicians who treated libellant are all residents of Mobile or its vicinity, and the institution where libellant was hospitalized is in Mobile.[2] It would appear that forcing respondent to incur the cost of bringing all, or nearly all, of its witnesses, documentary evidence and other proofs all the way from Mobile to Wilmington would be to inflict upon it expense and trouble not necessary to the libellant's own right to pursue his remedy. Libellant's reasons for instituting this action in Delaware and for his apparent distaste for the transferee forum are not disclosed.

2. *Convenience of Witnesses.* The record makes it clear that the transferee district will be more convenient for the presently known and prospective witnesses. Libellant's assertion [3] that the case at bar is "closely akin to a seaman's case" [4] is without support. The prospective witnesses in this case, factual and medical, are not seamen who may be almost anywhere at the time of trial, but rather people who reside and work permanently in and about Mobile, Alabama.

3. *Interest of Justice.* The interest of justice requires the transfer of this case to the transferee district for these reasons:

(a) A third-party respondent is subject to service of process in the transferee district, but is not subject to service here.

■ Respondent contends it is likely it will implead Cooper Stevedoring Company, libellant's employer, as an additional respondent claiming indemnity under the principles laid down in Ryan Stevedoring Co. v. Pan-Atlantic Steamship Co., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, and following cases.[5] The ability to join a third-party defendant in the transferee district is a factor in favor of transfer.[6] The transfer will eliminate a perfectly useless additional trial which is the very thing which General Admiralty Rule No. 56 is designed to avoid.

(b) The availability of witnesses can only be assured by trial in the transferee district.

■ The "availability of compulsory process for attendance of unwilling wit-

---

1. See cases cited in Glickenhaus, at pp. 106, 107 of 205 F.Supp.

2. Aff. Goranson, pp. 1–5.

3. Libellant's Brief, p. 8.

4. See, Medich v. American Oil Co., E.D. Pa., 177 F.Supp. 682, where Judge BIGGS wrote: * * * the very fact that their witnesses are seamen dilutes the importance of this factor; by the nature of their employment seamen are often unavailable as witnesses and their testimony must then be submitted in deposition form."

5. Respondent's Brief, p. 10.

6. Coleman v. Stockard Steamship Co., E.D. Pa., 172 F.Supp. 366.

nesses" is an important factor on the question of transfer.[7] Reference to the record leaves no doubt that the facts overwhelmingly militate in favor of transfer in so far as this factor is concerned.

 True, Delaware is respondent's state of incorporation and libellant's choice of forum. However, as this Court pointed out in Glickenhaus, supra, at p. 106 of 205 F.Supp., and similarly here, that Delaware is plaintiff's choice of forum and defendant's state of incorporation are legal facts which, standing alone, are not acts of independent legal significance, and are not determinative of the place of trial.

4. The final question to be considered is whether the transferee district is one in which this action "might have been brought" by libellant. Respondent's affidavit (page 6) states that the S. S. SOUTHPORT visited the transferee district upon three different occasions during 1960, on each of which it transacted business there through a local agent. Consequently, respondent has been doing business in the transferee district sufficient to make it amenable to service there. Furthermore, respondent is subject to service of process in the transferee district under the Substituted Service Statute, Title 7, Section 199(1), Code of Alabama (1940).[8]

From all the above, it appears respondent has made a showing of real inconvenience to itself in having the trial held in this district, while libellant has made no real showing of convenience in having the action tried here. The balance of convenience in favor of respondent justifies a change of venue. Such a change will not only be for the convenience of the parties and their witnesses, but also in the interest of justice.

Respondent's motion for an order transferring this action to the United States District Court for the Southern District of Alabama, Southern Division, will be granted. An order may be submitted.

---

7. Glickenhaus, supra, at pp. 105, 106, of 205 F.Supp., and cases cited therein.
Libellant contends that it is clear from the broad outlines of the Answers to Interrogatories that the fact of unseaworthiness must be admitted and consequently the only issue which remains is the quantum of damages. Libellant then concludes that the case should be heard in the transferor district, since cumulative witnesses do not militate for transfer. The fallaciousness of this argument is appreciated by reference to respondent's answers to interrogatories and to its pleadings which make it clear that liability is denied. Furthermore, even if the sole issue remaining in the case were the amount of damages, this would not militate against transfer, since all the sources of proof on the damages issue are in Mobile.

8. See, Shippers Pre-Cooling Service v. Macks, 5 Cir., 181 F.2d 510, at 514, and cases cited therein for the proposition that this type of service does not unduly burden interstate commerce.