**Peggy KARLSEN, as Administratrix of the Goods, Chattels and Credits of Sverre Karlsen, Plaintiff,**

v.

**William HANFF and Magnus Davidsen and Manchonoch Trawler Corporation, Defendants.**

**William HANFF and Magnus Davidsen, Defendants and Third-Party Plaintiffs,**

v.

**MANCHONOCH TRAWLER CORP. and Karre Gjertsen and Fishermen's Dock Cooperative Incorporated, Third-Party Defendants.**

**No. 63 Civ. 3243.**

United States District Court
S. D. New York.

June 9, 1967.

George J. Engelman, New York City, for plaintiff.

McHugh & Leonard, New York City, Maurice F. Beshlian, New York City, of counsel, for defendants Hanff and Davidsen.

Bigham, Jones, Englar & Houston, New York City, John Quinlan, John Shields, James McMahon, New York City, of counsel, for third-party defendant, Fishermen's Dock Cooperative, Inc.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff's intestate, while serving as a member of the crew of the F/V MUSKEGON, died on April 11, 1963, allegedly as a result of the wrongful acts of the named defendants and third-party defendants. The F/V MUSKEGON was tied up at Fishermen's Dock in Point Pleasant, New Jersey, and was outboard of two other fishing vessels. Decedent's body was found beneath the water in the area of these vessels and the dock.

An action was commenced against Hanff and Davidsen as owners of the MUSKEGON and against the Manchonoch Trawler Corporation as owner of another of the vessels. Hanff and Davidsen have attempted to implead the Fishermen's Dock Cooperative, Inc., a New Jersey corporation, as third-party defendant. Service was effected by the United States Marshal upon the secretary of Fishermen's Dock in Point Pleasant, New Jersey.

The sole basis for personal jurisdiction relied upon by defendants and plaintiff in their memoranda in opposition to third-party defendant's motion is Rule 4(f) of the Federal Rules of Civil Procedure which provides in pertinent part that "persons who are brought in as parties pursuant to Rule 14 [Third-Party Practice] * * * may be served * * * at all places outside the state * * * that are not more than 100 miles from the place in which the action is commenced * *." Plaintiff and defendants argue that the above Rule, in addition to providing a method of service, also validly allows this court to exercise in personam jurisdiction over the objecting third-party defendant. However, Rule 4 deals only with service and does not affect amenability to suit. Petition of Petrol Shipping Corp., 360 F.2d 103 (2d Cir. 1966), cert. denied, Kingdom of Greece, Ministry of Commerce, etc. v. Petrol Shipping Corp., 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966). To hold otherwise herein would fly in the face of the Supreme Court's decision in Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), which requires certain minimal contacts with the forum in order to subject a defendant to in personam jurisdiction.

In the case at bar, Fishermen's Dock Cooperative, Inc. neither does business in New York nor transacts business here. There is no question that the act complained of occurred entirely in New Jersey. It would indeed be harsh to hold that the Southern District of New York has acquired jurisdiction over a third-party defendant who has absolutely no connection with this district.

The cases cited by plaintiff and defendants on this issue are readily distinguishable and would require no contrary result.

Accordingly, the motion of Fishermen's Dock Cooperative, Inc. to dismiss the third-party complaint as against it is granted.

So ordered.