**Ned COLEMAN, Plaintiff,**

v.

**AMERICAN EXPORT ISBRANDTSEN LINES, INC., Defendant and Third-Party Plaintiff-Appellant,**

v.

**ATLANTIC & GULF STEVEDORES, INC., Third-Party Defendant-Respondent.**

**No. 249, Docket 32922.**

United States Court of Appeals Second Circuit

Submitted Nov. 15, 1968.

Decided Nov. 21, 1968.

George W. Sullivan, New York City (Lilly, Sullivan & Purcell, Thomas E.

Tisza, New York City of counsel), for defendant and third-party plaintiff-appellant.

Martin J. McHugh, New York City (McHugh & Leonard, James M. Leonard, New York City, of counsel), for third-party defendant-respondent.

Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.

FRIENDLY, Circuit Judge:

Plaintiff Coleman, a longshoreman employed by John McGrath Corporation, brought this action in the District Court for the Southern District of New York to recover for injuries sustained aboard the S.S. Exchequer, a vessel owned and operated by defendant American Export Isbrandtsen Lines, Inc., while the ship was in Hoboken, N. J. American Export filed a third-party complaint under F.R. Civ.P. 14(a) against Atlantic & Gulf Stevedores, Inc., claiming that any liability to Coleman on its part would be due to the negligence of Atlantic & Gulf in having failed properly to secure a hatch when the Exchequer was in Philadelphia, Pa. before sailing to Hoboken. Atlantic & Gulf is a Pennsylvania corporation, having its principal office in Philadelphia and engaged in stevedoring at that port but assertedly not doing business in New York. The summons and complaint were served by a United States marshal on Atlantic & Gulf at its Philadelphia office, avowedly pursuant to the second sentence of F.R.Civ.P. 4(f). This sentence, added by a 1963 amendment, provides:

"In addition, persons who are brought in as parties pursuant to Rule 14, or as additional parties to a pending action or a counterclaim or cross-claim therein pursuant to Rule 19, may be served in the manner stated in paragraphs (1)–(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, or to which it is assigned or transferred for trial; and persons required to respond to an order of commitment for civil contempt may be served at the same places."

Atlantic & Gulf moved to dismiss the third party complaint for lack of jurisdiction. The court granted its motion. See to the same effect Karlsen v. Hanff v. Manchonoc Trawler Corp., 278 F. Supp. 864 (S.D.N.Y. 1967); contra, Sevits v. McKiernan-Terry Corporation (New Jersey), 270 F.Supp. 887, 891 (S. D.N.Y. 1967). American Export has appealed; we disagree and reverse.[1]

The service of process here appears to fit the language of the Rule snugly enough. Atlantic & Gulf was brought in as a party pursuant to Rule 14. It was served in the manner provided in Rule 4(d) (3). And the place of service was not more than 100 miles from the Federal Courthouse in the Southern District of New York.

Atlantic & Gulf contends that the new provision of Rule 4(f) simply allowed service outside the state where the court is sitting with respect to persons already subject to the jurisdiction of that state. For example, if Atlantic & Gulf had been doing business in New York but had no office there, the amendment would permit personal service to be made on it in Philadelphia pursuant to Rule 4(d) (3). If the amendment had done no more than that, it

---

1. After an appeal here had been argued on October 9, 1968, we noted that the district court had not directed the entry of final judgment in favor of Atlantic & Gulf "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." F.R.Civ.P. 54(b). Since Coleman's claim was still pending for the fixing of damages although American Export had conceded liability, we were therefore obliged to dismiss the appeal, but did so without prejudice to the making of an application for such a direction and the taking of a fresh appeal. The district judge has now made the appropriate direction under Rule 54(b), a new appeal has been taken, and we have considered this on the briefs and argument previously filed and heard.

would have accomplished little. Most states have statutes, like New York CPLR § 313, providing for out-of-state service on persons subject to the jurisdiction of their courts, and Rule 4(d)(7) was amended in 1963 to overcome whatever doubts had previously existed as to the ability of a federal court to utilize these. See Giffin v. Ensign, 234 F.2d 307, 311 (3 Cir. 1956); Deveny v. Rheem Mfg. Co., 319 F.2d 124 (2 Cir. 1963) (Clark, J.); and Wolfe v. Doucette, 348 F.2d 635 (9 Cir. 1965), upholding out-of-state service under the less clear language of Rule 4(d)(7) prior to the amendment. The Notes of the Advisory Committee, which we quote in the margin,[2] show that the purpose of the amendment was not simply to provide a second way of serving persons already subject to the state long-arm statutes, but rather to allow complicated controversies to be ended by a single lawsuit if all the necessary third parties could be found within 100 miles of the courthouse. See 2 Moore, Federal Practice ¶ 4.42[2] (2d ed. 1967). Since Congress has power "to provide that the process of every District Court shall run into every part of the United States," Robertson v. Railroad Labor Board, 268 U.S. 618, 622, 45 S.Ct. 621, 622, 69 L.Ed. 1119 (1925), the Supreme Court as its delegate can provide that process shall be effective if served within 100 miles of the courthouse even if a state line intervenes, and we are convinced that Rule 4(f) exercised this power. To be sure, process can be validly served in another state within the "bulge" created by Rule 4(f) only on persons over whom that state has jurisdiction and, very likely, only on persons within that class over whom it has chosen to exercise it. While in Arrowsmith v. United Press International, 320 F.2d 219, 228 n. 9 (2 Cir. 1963), decided shortly before amended Rule 4(f) became effective, we noted that some problems on the latter score might arise, nothing in that opinion, cited by the district judge, suggested the result here reached. See 2 Moore, supra, at 1293–36. There can be no doubt whatever that Pennsylvania can and does provide that a Pennsylvania corporation with its principal office in Pennsylvania and doing business there can be validly served at its headquarters in Philadelphia, 12 P.S.App.R.C.P. Nos. 2179 and 2180.

The district judge rested his decision primarily on a sentence in this court's opinion in Petrol Shipping Corp. v. Kingdom of Greece, 360 F.2d 103, 109, cert. denied, 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966):

"We do not equate 'presence,' or amenability to suit, with service of process * * * and we regard Rule 4 as speaking to service alone, and not both service and amenability."

This was said in support of the position that where a party—in that instance a foreign government—was amenable to suit within the state, the lack of a provision in Rule 4 as to how service could be effected in this *casus omissus* would not prevent a court from fashioning one. Quite plainly we were not focusing on the particular problem raised by the second sentence of amended Rule 4(f). Apart from that, however, we see noth-

2. "The bringing in of parties under the 100-mile provision in the limited situations enumerated is designed to promote the objective of enabling the court to determine entire controversies. In the light of present-day facilities for communication and travel, the territorial range of the service allowed, analogous to that which applies to the service of a subpoena under Rule 45(e) (1), can hardly work hardship on the parties summoned. The provision will be especially useful in metropolitan areas spanning more than one State. Any requirements of subject-matter jurisdiction and venue will still have to be satisfied as to the parties brought in, although these requirements will be eased in some instances when the parties can be regarded as 'ancillary.'

* * * * *

"The amendment is but a moderate extension of the territorial reach of Federal process and has ample practical justification," 2 Moore, Federal Practice, ¶4.01 [23] (2d ed. 1967).

ing in the statement in *Petrol* inconsistent with upholding the service of process here. What we meant, as the reference to *Arrowsmith* in *Petrol* makes clear, is that, although Rule 4 fixes the manner and scope of service, it does not say when the person served is subject to the jurisdiction of the court that served him. Similarly, although Rule 4(f) provides for out-of-state service on certain defendants, such service will not be valid unless they have enough contacts with the state of service to be subject to suit there.

The order dismissing the third party complaint for lack of jurisdiction is reversed.