Margaret Rigo TENNANT, Plaintiff,

v.

Fred SPROUL, Sr., Fred Sproul, Jr.,
d/b/a The Sproul Lumber Company, et al., Defendants.

Civ. A. No. 71–992.

United States District Court,
W. D. Pennsylvania.

Feb. 11, 1972.

Sikov & Love, Pittsburgh, Pa., Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy, Cleveland, Ohio, for plaintiff.

Giles J. Gaca, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

WEBER, District Judge.

Defendants Fred Sproul, Sr., Fred Sproul, Jr., and Sproul Lumber Company (hereinafter Defendants Sproul) have moved to transfer this action to the Northern District of West Virginia at Fairmont pursuant to 28 U.S.C. 1404(a).

Mindful of the proposition that the Plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that that choice should not be lightly disturbed, as well as the axiom that the burden is on the moving party to establish that a balancing of proper inter-

ests weigh in favor of the transfer [Shutte v. Armco Steel Corp., 431 F.2d 22, (3rd Cir., 1970)], we proceed to consider the various interests involved herein, as revealed by the pleadings and the evidentiary material filed by the parties in support of and in opposition to this motion.

■ It appears that the following facts are not in dispute, and are germane to the consideration of the present motion: Plaintiff is a citizen of Cleveland, Ohio; Defendants Sproul are citizens of Uniontown, Pennsylvania, and Defendant Van Sickle is a citizen of Maryland; this action was filed as a result of a traffic collision between a car driven by Plaintiff's husband in which Plaintiff was a passenger and a truck owned by Defendants Sproul and operated by their agent, Defendant Van Sickle; the accident occurred in Mongolia County, West Virginia; the Plaintiff was treated by two physicians—one in Fairmont, West Virginia, where Plaintiff was hospitalized and the other near Cleveland, Ohio. It is obvious that the only venue connections that Pennsylvania has with this action are that the Defendants Sproul are located in Uniontown. However, their liability is vicarious only, and they have admitted the agency of the Defendant Van Sickle. They are not witnesses to any contested issue of fact. Actually, their residence is closer to the seat of the West Virginia District Court in Fairmont, West Virginia, than it is to Pittsburgh.

This court determines that when the above facts are coupled with the factors enumerated below, the situation dictates that we transfer this action to the Northern District of West Virginia. The accident and all incidents relating thereto occurred in the geographical area included in or surrounding the Northern District of West Virginia. Defendants Sproul wish to join the Plaintiff's husband as a Third-Party Defendant—since he is a citizen of Cleveland, Ohio, they cannot perfect service upon him from this District under the 100 mile rule of Fed.R. of Civ.P. 4(f), but will have the power to do so upon transfer of this action to West Virginia, pursuant to the West Virginia long-arm motorist statute. The Plaintiff's arguments concerning pendant jurisdiction are completely inapplicable to the problem being considered here.

■ There is also a pending question of the validity of service upon Defendant Van Sickle, since he lives in Maryland. This problem vanishes upon transfer, because the West Virginia long-arm motorist statute remedies the infirmity by allowing non-resident service upon Van Sickle, a party essential to the determination of liability. In considering this motion to transfer it is immaterial to determine whether or not he has yet been subject to effective service of process. United States v. Berkowitz, 328 F. 2d 358 [3rd Cir., 1964].

The Cleveland physician is not subject to the subpoena power of either court, so in either instance, he must either be deposed or voluntarily travel to the Courthouse to testify. Finally, the controlling law in this action will be that of West Virginia. A Federal Court sitting in West Virginia would be better able to apply West Virginia law than would this Court. The Northern District of West Virginia is a court in which the action might have been brought.

We are convinced that by applying the tests promulgated in Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L. Ed.2d 945 [1964], both the public interest and the private interest of the litigants suggest that the balance of convenience of the parties and their witnesses is strongly in favor of the West Virginia forum. Accordingly, the Motion of Defendants Sproul to Transfer is granted, and it is ordered that this action be, and the same hereby is, transferred to the United States District Court for the Northern District of West Virginia.