The PILLSBURY COMPANY

v.

DELTA BOAT & BARGE RENTAL,
INC., et al.

AGS CHARTERING CO.

v.

DELTA BOAT AND BARGE
RENTAL, INC., et al.

Civ. A. Nos. 75–491 and 75–492.

United States District Court,
E. D. Louisiana.

Nov. 26, 1976.

Richard L. Bodet, New Orleans, La., for The Pillsbury Co.

Rufus C. Harris, Jr., James O. M. Womack, Terriberry, Carroll, Yancey & Farrell, New Orleans, La., for AGS Chartering Co.

Arden J. Lea, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Delta Boat & Barge Rental, Inc. and Vanguard Ins. Co.

Ernest A. Carrere, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Ingalls Shipbuilding Division of Litton Systems, Inc.

John R. Schupp, New Orleans, La., Allen Van Emmerik, Washington, D. C., for United States of America.

J. Y. Gilmore, Jr., Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for Colle Towing Co., Inc.

Christopher Tompkins, Deutsch, Kerrigan & Stiles, New Orleans, La., for Pasport Barge Fleet, Inc.

## MEMORANDUM OPINION AND ORDER

BOYLE, District Judge:

The defendant Delta Boat & Barge Rental, Inc. initially served its third-party complaint against Pasport Barge Fleet, Inc. *via* the Louisiana long-arm statute, but we granted the motion of Pasport to dismiss for the lack of jurisdiction *in personam.* *See* Minute Entry of November 16, 1976 [Record Doc. # 166 in C.A. No. 75–491]. Now having been re-served pursuant to the 100-mile service provision of Rule 4(f) of the Federal Rules of Civil Procedure,[1] Pasport again moves to dismiss the action against it for the lack of personal jurisdiction. Following oral argument on the motion, we took the matter under submission.

■ Since Pasport operates its fleeting business in Pascagoula, Mississippi, our initial inquiry is whether or not that location is within the "bulge area" for service created by Rule 4(f). The interests of simplicity and uniformity dictate that the territorial parameters of the area be fixed according to air-mile calculations, and the distance measured in a straight line—or "as the crow flies"—from the courthouse. *See De-loro Smelting & R. Co. v. Englehard Minerals & C. Corp.,* 313 F.Supp. 470, 474–75 (D.N.J.1970); *Pierce v. Globemaster Baltimore, Inc.,* 49 F.R.D. 63, 66 (D.Md.1969). At oral argument, counsel for Pasport conceded that the Pascagoula situs of the company's business operation was within 100 miles so measured from this court. Hence, the movant falls within the category of intended third-party defendants subject to service under the rule.

---

1. The rule in pertinent part provides that persons who are brought in as parties pursuant to Rule 14 . . . may be served . . at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced . . . . .

Rule 4(f), Fed.R.Civ.Pro.

■ However, this conclusion is not dispositive. Rule 4(f) represents the exercise of authority, derived from Congress, to provide effective extraterritorial service of process in the federal courts; but, although it defines the manner and scope of such service, it does not conclusively establish when the party served is amenable to the jurisdiction of the forum. *See Coleman v. American Export Isbrandtsen Lines, Inc.,* 405 F.2d 250, 252–53 (2 Cir.1968); *Karlsen v. Hanff,* 278 F.Supp. 864, 865 (S.D.N.Y. 1967). Rather, in permitting process to be served anywhere within the "bulge," the rule "assumes that all other requirements [including that of amenability] will be met. . . . " Wright & Miller, Fed. Practice and Procedure: Civil § 1127, at 533. Still to be satisfied once the rule is found applicable, therefore, are the mandates of due process and fundamental fairness to the served party, as expressed in the "minimum contacts" rule of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny.

■ We recognize the split of jurisprudential authority in this regard. On the one hand, it has been held that the "minimum contacts" rule demands sufficient nexus between the out-of-state party served under 4(f) and the forum state. *See Deloro Smelting & R. Co. v. Engelhard Minerals & C. Corp.,* supra, at p. 477; *Karlsen v. Hanff,* supra, at p. 865. On the other hand, some courts have formulated the question as whether the served party has enough contacts with the "bulge state"—i. e., the non-forum state within which service is made—to subject him to the personal jurisdiction of courts in that state. *See Coleman v. American Export Isbrandtsen Lines, Inc.,* supra, at p. 252; *Spearing v. Manhattan Oil Transportation Corp.,* 375 F.Supp. 764, 771 (S.D.N.Y.1974); *Pierce v. Globemaster Baltimore, Inc.,* supra, at p. 66; *McGonigle v. Penn-Central Transportation Co.,* 49 F.R.D. 58, 63 (D.Md.1969). In our view, the latter precedent is more consist-

ent with the basic thrust of Rule 4(f). To the extent the rule effectively broadens the area of the forum's territorial jurisdiction for purposes of service, consideration whether it is fair to exercise such jurisdiction over a given party properly should be framed by the same expanded territorial limits. Moreover, enactment of Rule 4(f) would have accomplished little if it did no more than make it possible to effect personal jurisdiction by out-of-state service upon those already subject to the jurisdiction of the forum court through a combination of minimum state contacts and state long-arm service. *See Pierce v. Globemaster Baltimore, Inc.,* supra, at p. 67. Indeed,the Notes of the Advisory Committee which accompany the rule show that its purpose

> was not simply to provide a second way of serving persons already subject to the state long-arm statutes, but rather to allow complicated controversies to be ended by a single lawsuit if all the necessary third parties could be found within 100 miles of the courthouse.

*Coleman v. American Export Isbrandtsen Lines, Inc.,* supra, at p. 252.

■ The facts *sub judice* demonstrate beyond doubt that Pasport is present in the "bulge area" and has sufficient connexity with the "bulge state" under any possible interpretation of the "minimum contacts" rule. It therefore offends neither the requirements of due process nor the notions of fundamental fairness for this court to exercise jurisdiction over Pasport pursuant to effective service under Rule 4(f).[2]

■ As indicated in an earlier minute entry, the motion of Delta to file an amended complaint adding Mission Insurance Company as a third-party defendant—which motion also is under submission—may be considered unopposed with our exercise of jurisdiction over Pasport. *See* Minute Entry of November 16, 1976 [Record Doc. # 166 in C.A. No. 75–491].

Accordingly, Pasport's motion to dismiss the third-party complaint against it for the

---

**2.** Pretermitted by our analysis is discussion of Delta's argument that personal jurisdiction over Pasport is established *via* its control and

management of Colle Towing Company, Inc., a corporate resident of the forum state.

lack of jurisdiction *in personam* should be, and it is hereby, *DENIED.* The motion of Delta for leave to file an amended third-party complaint should be, and it is hereby, *GRANTED* without opposition.