**Ralph W. LEE, III, Plaintiff,**

v.

**The OHIO CASUALTY INSURANCE COMPANY, an Insurance Corporation, Defendant.**

Civ. A. No. 77-20.

United States District Court,
D. Delaware.

Jan. 17, 1978.

Samuel R. Russell, of Biggs & Battaglia, Wilmington, Del., for plaintiff.

Albert L. Simon, Wilmington, Del., for defendant.

## OPINION

WRIGHT, Senior District Judge.

Plaintiff, Ralph W. Lee, III, seeks a declaratory judgment that defendant, the Ohio Casualty Insurance Company ("Ohio Casualty"), is required under an insurance policy issued to Lee by Ohio Casualty to provide a defense for him in a second action pending in the Delaware Superior Court, and to pay any judgment rendered against him therein.[1] Two motions are presently pending before this Court. Plaintiff has moved for summary judgment.[2] Defendant has moved to transfer the present action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a).[3]

---

1. The second action (*Long v. Lee*, Civil Action No. 406 (Del.Super., filed March 31, 1976)), pending in Delaware Superior Court at the time the complaint in this action was filed, resulted from an automobile accident in Delaware in which Lee collided with a motorcycle.

   Lee originally brought the present action in the Delaware Superior Court. Ohio Casualty caused the action to be removed to this Court pursuant to 28 U.S.C. § 1446.

2. This is the second Motion for Summary Judgment which Lee has filed. Lee's first Motion for Summary Judgment was denied on May 3, 1977, without prejudice to renew the motion.

3. 28 U.S.C. § 1404(a) provides:

   (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The facts of the case are as follows. In 1973 Lee possessed a Plymouth automobile which he insured under a policy with Ohio Casualty. In March of that year he purchased a Volkswagen. Lee contacted Bartlett, Griffin & Vermilye, Inc. ("Bartlett"),[4] an independent insurance agency, and requested that the Volkswagen be added to the automobile insurance policy which already covered the Plymouth. Apparently Bartlett notified Ohio Casualty not only that the Volkswagen should be added, but also that the Plymouth should be deleted from the policy.

On April 1, 1974, while Lee was driving the Plymouth, he was involved in a collision with a motorcycle in Delaware. In a letter to Ohio Casualty, dated April 17, 1974, Bartlett admitted its earlier error in notifying Ohio Casualty that the Plymouth was to be removed from the policy and requested that Ohio Casualty back up Bartlett by endorsing the insurance policy to include coverage of the Plymouth retroactive to the date of the accident. A confusing series of communications among Ohio Casualty, Bartlett, and Lee followed. As a result of the 1974 accident, the motorcyclist sued Lee in Delaware Superior Court in 1976.[5] Ohio Casualty refused to defend the suit on the grounds that the policy which it had issued to Lee did not cover the Plymouth at the time of the accident. Lee then commenced the present action.

## MOTION FOR SUMMARY JUDGMENT

■ Lee's Motion for Summary Judgment will be denied. The record discloses genuine issues of material fact, especially as to whether the Change of Endorsement issued by Ohio Casualty in May of 1974 was ever effective.[6]

## MOTION FOR TRANSFER [7]

■ Ohio Casualty, an Ohio corporation, has moved to transfer the present action to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1404(a).[8] Section 1404(a) provides that a case may be transferred only to a district where the action might have been brought. That requirement is met in the present case. Lee could have originally sued Ohio Casualty in diversity in the United States District Court for the District of Maryland, since Ohio Casualty is qualified to do business in Maryland and can be served with process in the District of Maryland.[9]

■ There are three further criteria which a court must consider in deciding whether to transfer a case pursuant to 28 U.S.C. § 1404(a): convenience of parties, convenience of witnesses, and the interest of justice. The burden is on the moving party to establish that these criteria weigh in favor of a transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970),

---

4. Bartlett was formerly known as The Moffett Insurance Association, Inc.

5. *See* footnote 1, *supra.*

6. During oral argument on Lee's first Motion for Summary Judgment, his attorney represented that he wished to take the deposition of William F. Jones, Production Manager of the Baltimore, Maryland branch of Ohio Casualty. However, instead of deposing Mr. Jones, Lee has filed an affidavit of W. Moorhead Vermilye, Secretary-Treasurer of Bartlett. In response, Ohio Casualty has filed an affidavit of Mr. Jones. The two affidavits present different versions of the content and meaning of communications between the two men.

7. The motion which Ohio Casualty filed is entitled "Motion of Defendant for Change of Venue". However, both parties have referred to the motion as a "Motion for Transfer". The

Court has adopted the latter terminology for the purposes of this Opinion.

8. The fact that Ohio Casualty was the party which removed this case from state court to federal court pursuant to 28 U.S.C. § 1446 does not estop it from seeking to have the case transferred pursuant to 28 U.S.C. § 1404(a). *See, e. g., Chicago, R. I. & P. R. Co. v. Igoe*, 212 F.2d 378, 382 (7th Cir. 1954); *McGraw-Edison Co. v. United States Fidelity & Guaranty Co.*, 322 F.Supp. 1049, 1051 (E.D.Wis.1971); 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3843 at 204 (1976).

9. Affidavit of John E. Young, Claims Manager, Ohio Casualty, March 21, 1977. *See, Md. Corps. & Assocs.Code Ann.* §§ 1–401, 7–205 (1975); *Md.Cts. & Jud.Pro.Code Ann.* § 6–103 (1974).

*cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *SmithKline Corp. v. Sterling Drug, Inc.,* 406 F.Supp. 52, 54 (D.Del.1975); *Scovill Manufacturing Co. v. Sunbeam Corp.,* 357 F.Supp. 943, 946 (D.Del.1973). The balance of convenience must be strongly in favor of the movant. *Shutte, supra; Morgan Guaranty Trust Co. of New York v. George Washington Corp.,* Civil Action No. 77–219 (D.Del., November 18, 1977); *General Instrument Corp. v. Mostek Corp.,* 417 F.Supp. 821, 822 (D.Del.1976). If the balance of factors is equal or is only slightly in favor of the movant, a court should not transfer the case. *SmithKline, supra* at 54–55; *Scovill, supra.*

The Third Circuit has held that considerable deference is due to the plaintiff's choice of a forum. *Shutte, supra. See also, SmithKline, supra* at 54; *Scovill, supra; Kaiser Industries Corp. v. Wheeling-Pittsburgh Steel Corp.,* 328 F.Supp. 365, 368 (D.Del.1971). However, the movant's burden is less when a plaintiff has not sued in a district which is his "home turf". *Morgan Guaranty Trust Co. of New York, supra; General Instrument Corp., supra* at 822–823; *Burroughs Wellcome Co. v. Giant Food, Inc.,* 392 F.Supp. 761, 763 (D.Del. 1975). In addition, the plaintiff's choice of forum is given less weight when the subject matter of the suit has no connection with the forum selected by the plaintiff. *See, Burroughs Wellcome, supra; Mims v. Proctor and Gamble Distributing Co.,* 257 F.Supp. 648, 657 (D.S.C.1966), and cases cited therein.

If the convenience of parties and witnesses were the only factors to be considered, transfer would not be warranted in this case. In light of the relatively short distance between Wilmington and Baltimore (approximately sixty miles), it is unlikely that any of the parties or witnesses, most of whom are located in Maryland, would be unduly burdened by the need to travel the additional distance to Wilmington. *See, Burroughs Wellcome, supra* at 764.

However, the primary justification which Ohio Casualty puts forward for transfer is that it wishes to implead Bartlett, a Maryland corporation, as a third-party defendant in the present action.[10] Ohio Casualty asserts that if Lee prevails against Ohio Casualty in the present action, Ohio Casualty will have a right to recover from Bartlett, since Bartlett's negligence caused the elimination of the Plymouth from coverage under the insurance policy. Ohio Casualty argues that if the action remains in this Court, it cannot implead Bartlett, since Bartlett is not amenable to process issuing from this Court.[11]

The desire of a party to implead as a third-party defendant a person who cannot be subjected to the jurisdiction of the original forum may be an appropriate reason for granting a transfer to a different district. The interest of justice is served by the elimination of an unnecessary additional trial. *See, Brown v. Blidberg Rothchild Co.,* 222 F.Supp. 18, 19 (D.Del.1963); *Kellum v. United States Lines, Inc.,* 365 F.Supp. 1026, 1030 (E.D.Pa.1973); 15 Wright, Miller & Cooper, *supra* § 3854. The ability to implead a third-party defendant is a particularly important factor when, as in the present case, the defendant may be entitled to a right over against the third party if the plaintiff proves his case. *See, Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 453 (2d Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976); *Brown, supra; Popkin v. Eastern Air Lines, Inc.,* 253 F.Supp. 244, 248 (E.D.Pa.1966); *Allied Petro-Products, Inc. v. Maryland Casualty Co.,* 201 F.Supp. 694, 695 (E.D.Pa.1961).

However, the Court has concluded that there is no need to transfer the present action in order for Lee to be able to implead Bartlett pursuant to Fed.R.Civ.P. 14(a). Under Fed.R.Civ.P. 4(f), persons who are brought in as third-party defendants pursuant to Rule 14 may be served with process

---

10. Under Fed.R.Civ.P. 14(a), a defendant may file a complaint against "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

11. Affidavit of John E. Young, Claims Manager, Ohio Casualty, March 21, 1977.

"at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, or to which it is assigned or transferred for trial". Bartlett has its principal offices in Easton, Maryland, which is within 100 miles of the Federal Courthouse in Wilmington, Delaware (U.S. Geological Survey, The National Atlas of the United States of America, 1970).[12] Therefore, contrary to Ohio Casualty's contention, Bartlett could be subjected to service of process issuing from this Court.

Furthermore, this Court may assert personal jurisdiction over Bartlett, even though Bartlett could not be reached under Delaware's long-arm statutes.[13] Most courts which have considered the question have concluded that when service is made on a person pursuant to Rule 4(f), the federal court is not obligated to look to the long-arm statute of the forum state in determining amenability to suit. *See, e. g., Coleman v. American Export Isbrandtsen Lines, Inc.,* 405 F.2d 250 (2d Cir. 1968); *Spearing v. Manhattan Oil Transportation Corp.,* 375 F.Supp. 764 (S.D.N.Y.1974); *McGonigle v. Penn-Central Transportation Co.,* 49 F.R.D. 58 (D.Md.1969). *Contra, Karlsen v. Hanff,* 278 F.Supp. 864 (S.D.N.Y. 1967).[14] This principle has been applied in diversity cases as well as in federal question cases. *See, Pierce v. Globemaster Baltimore, Inc.,* 49 F.R.D. 63 (D.Md.1969); *Sevits v. McKiernan-Terry Corp. (New Jersey),* 270 F.Supp. 887 (S.D.N.Y.1967).[15] This approach is consistent with the fact that the 100-mile "bulge" provision of Rule 4(f) is a liberalizing measure designed to allow some complicated controversies to be decided in a single lawsuit. *See, Advisory Committee Note on 1963 Amendment to Rule 4(f); Coleman, supra* at 252; *Pierce, supra* at 66, 67. *Cf.,* Vestal, Expanding the Jurisdictional Reach of the Federal Courts: The 1963 Changes in Federal Rule 4, 38 N.Y.U.L.Rev. 1053, 1063 n. 59 (1963).

Most courts which have considered the 100-mile provision of Rule 4(f) have applied some form of "minimum contacts" standard in determining an out-of-state party's amenability to suit. Some courts have tested amenability by the jurisdictional law of the state in which service was made. *See, e. g., Coleman, supra* at 252–253; *Spearing, supra* at 771. *Cf., McGonigle, supra* at 63 n. 6. Other courts have held that a party served in a non-forum state should be amenable to suit if, considering its activities within the 100-mile "bulge" area, it would have been amenable to the forum state's jurisdiction had the forum state embraced the "bulge" area and exerted jurisdiction

---

**12.** Rule 4(f) does not specify how the 100-mile distance is to be measured. However, the cases and commentators which have considered the question have concluded that the distance should be measured "as the crow flies". *See, Deloro Smelting & Refining Co. v. Englehard Minerals & Chemicals Corp.,* 313 F.Supp. 470, 473–475 (D.N.J.1970); *Pierce v. Globemaster Baltimore, Inc.,* 49 F.R.D. 63, 66 (D.Md.1969); 2 *Moore's Federal Practice* ¶ 4.42[2] at 1293.32 (2d ed. 1977); 4 Wright & Miller, *Federal Practice and Procedure* § 1127 at 531 n. 22 (1969). This Court agrees that this is the only practical interpretation of the 100-mile provision.

**13.** Delaware law permits service of process on foreign corporations which have qualified to do business in Delaware. 8 Del.C. § 376. In addition, 8 Del.C. § 382 permits service of process on a non-qualifying foreign corporation which transacts business in Delaware in any action growing out of any business transacted by the corporation in Delaware. While the record is not clear on this point, both parties appear to agree that Bartlett could not be served under either of these provisions.

**14.** *Karlsen* was decided prior to the Second Circuit's decision in *Coleman, supra,* which distinguished *Petrol Shipping Corp. v. Kingdom of Greece,* 360 F.2d 103 (2d Cir.), *cert. denied,* 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966), a case on which the court in *Karlsen* had relied. *See also Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946), in which the Supreme Court noted that "Congress could provide for service of process anywhere in the United States". *Id.* at 442, 66 S.Ct. at 245.

**15.** If the federal court were bound by the forum state's long-arm statute, there would have been little reason for the 100-mile provision of Rule 4(f), since other sections of Rule 4 provide for service on persons already subject to the forum state's long-arm statute. *See, Coleman, supra* at 251–252.

over the party to the allowable constitutional limit. *See, e. g., McGonigle, supra* at 63, citing Kaplan, Amendments to the Federal Rules of Civil Procedure, 1961–1963 (I), 77 Harv.L.Rev. 601, 633 (1964).[16]

This Court does not find it necessary to determine which "minimum contacts" standard should be applied in this case, since Bartlett clearly meets either of the tests previously set out in the case law. Since Bartlett is incorporated in Maryland, and transacted the business at issue within 100 miles of the federal courthouse in Wilmington, Delaware, there is no question that it possesses the requisite contacts with both the state of service (assuming it is served in Maryland) and the bulge area. *See, Md. Cts. & Jud.Pro.Code Ann.* § 6–102 (1974); 8 Del.C. § 382.[17]

Since Rule 4(f) does not affect the need for subject matter jurisdiction,[18] the question remains whether Bartlett could be impleaded in this diversity case without an independent grounds for jurisdiction. If Ohio Casualty were to implead Bartlett in this case, there would be no diversity between the plaintiff, a Maryland citizen, and the third-party defendant, a Maryland corporation. Since this situation would arise in either this district or the District of Maryland, it does not have any effect on the decision whether or not to transfer the case. However, it is worth noting that both the Third and Fourth Circuits have held that in a diversity action in which diversity exists between a plaintiff and defendant, the defendant may implead a third party of the same citizenship as the plaintiff, on the theory that there is ancillary jurisdiction over the third-party claim. *See, e. g., Sheppard v. Atlantic States Gas Co.*, 167 F.2d 841, 845 (3d Cir. 1948); *Kenrose Manufacturing Co., Inc. v. Fred Whitaker Co., Inc. v. Kilodyne, Inc.*, 512 F.2d 890, 893 (4th Cir. 1972).[19]

■ Since the Court has concluded that impleader of Bartlett as a third-party defendant would be possible if the case were retained in this district, it must consider whether Ohio Casualty's other contentions would warrant a transfer. Ohio Casualty

**16.** At least one commentator has suggested that the courts should apply a federal standard for amenability to suit when service is made under Rule 4(f). *See*, 4 Wright & Miller, *supra* § 1127 at 534–535, § 1075 at 314. However, no court has yet unequivocally adopted such a standard. *See*, Annot., 8 A.L.R.Fed. 784, 789–790 (1971).

**17.** Rule 4(f) does not conflict with Fed.R.Civ.P. 82 which states that the Federal Rules of Civil Procedure should not be construed to extend the jurisdiction of the United States district courts or the venue of actions therein. Rule 82 refers to subject matter jurisdiction, not to personal, or territorial, jurisdiction. *See, Mississippi Publishing Corp., supra*, 326 U.S. at 445, 66 S.Ct. 242.

**18.** *See* Advisory Committee Note on 1963 Amendment to Rule 4(f).

**19.** However, lack of diversity between Lee and Bartlett would be a problem in either district if Lee decided to amend his complaint in order to allege a claim against Bartlett if the latter were to be impleaded as a third-party defendant in this case. (Lee has not expressed any such desire to date.) The Fourth Circuit has concluded that a plaintiff in a diversity case should not be permitted to amend his complaint to allege a claim against a non-diverse third-party defendant without an independent jurisdictional basis. *See, Kenrose Manufacturing Co., Inc. v. Fred Whitaker Co., Inc. v. Kilodyne, Inc.*, 512 F.2d 890, 893–894 (4th Cir. 1972).

The Third Circuit has not ruled on the point, *cf., Sheppard v. Atlantic States Gas Co.*, 167 F.2d 841, 845 (3d Cir. 1948), and the district courts within the Circuit are split. *See*, discussion in *CCF Industrial Park, Inc. v. Hastings Industries, Inc.*, 392 ·F.Supp. 1259 (E.D.Pa. 1975), and cases cited therein. There are some indications in the case law that the Third Circuit would be liberal in permitting a plaintiff to amend his complaint to allege a claim against a third-party defendant. *See, Jacobson v. Atlantic City Hospital*, 392 F.2d 149, 153 (3d Cir. 1968); *Borror v. Sharon Steel Co.*, 327 F.2d 165, 174 (3d Cir. 1964). *But cf., Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1233 (3d Cir.), *cert. denied*, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). Most of the district courts in the Third Circuit which have ruled on the matter have held that the plaintiff may not amend his complaint in such a situation. *See, e. g., Chestnut Run Federal Credit Union v. Employers Mutual Liability Insurance of Wisconsin*, 392 F.Supp. 76, 78 (D.Del.1975); cases cited in *CCF Industrial Park, supra* at 1261 n. 2. *But cf.*, Note, Rule 14 Claims and Ancillary Jurisdiction, 57 Va.L.Rev. 265, 274–275 (1971).

argues that the case should be transferred to the District of Maryland because Maryland law will be applied in this case. While this is a factor which a court should consider on a motion for transfer, *see, Van Dusen v. Barrack*, 376 U.S. 612, 645, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), it is not a decisive factor requiring transfer. *See, Ocean Science & Engineering, Inc. v. International Geomarine Corp.*, 312 F.Supp. 825, 830 (D.Del.1970); *Atlantic-Richfield Co. v. Stearns-Roger, Inc.*, 379 F.Supp. 869, 872 (E.D.Pa.1974).

■ Ohio Casualty argues further that this case should be transferred since most of the conduct at issue in the case occurred in Maryland, while very little of it occurred in Delaware.[20] This is certainly a factor in favor of transfer. *See, e. g., Tennant v. Sproul*, 337 F.Supp. 404 (W.D.Pa.1972). Again, however, it is not a decisive factor. *See, e. g., Bridgeman v. Bradshaw*, 405 F.Supp. 1004, 1007 (D.S.C.1975).

While Lee's choice of forum is entitled to less weight because Delaware is not his "home turf" and because the case has few contacts with Delaware, these facts do not entirely negate the preference given to a plaintiff's choice. *See, Burroughs Wellcome, supra*, 392 F.Supp. at 763. The Court has concluded that the convenience of parties and witnesses and Ohio Casualty's desire to implead Bartlett have no effect on the decision to transfer in this case. The remaining factors, the probable application of Maryland law and the fact that much of the conduct at issue took place in Maryland, are significant, but do not weigh heavily enough to convince this Court that the case should be transferred. Since the Court has concluded that the balance of factors is equal or only slightly in favor of the movant, Ohio Casualty's motion to transfer this action will be denied. *SmithKline, supra*,

20. Ohio Casualty actually argues that *none* of the conduct at issue in this case occurred in Delaware, and that *all* of it occurred in Maryland. This is not entirely accurate. The suit which Ohio Casualty refused to defend was

406 F.Supp. at 54–55; *Scovill, supra*, 357 F.Supp. at 946.

Submit Order.

filed in Delaware Superior Court. In addition, depending on where some of the decisions at issue were made, some conduct might be said to have occurred in Ohio, where the home offices of Ohio Casualty are located.