**Ricardo LANDIN, Plaintiff,**

v.

**E. DASKAL CORP., Defendant.**

**E. DASKAL CORP.,
Third–Party Plaintiff,**

v.

**GEORGE CAMPBELL PAINTING
CORP., Third–Party Defendant.**

**GEORGE CAMPBELL PAINTING
CORP., Third–Party Defendant
and Fourth–Party Plaintiff,**

v.

**Buel A. STAGGERS, M.D.,
Fourth–Party Defendant.**

**No. 89 Civ. 8431 (RPP).**

United States District Court,
S.D. New York.

April 30, 1991.

William M. Broderick, New York City, for third-party defendant, fourth-party plaintiff George Campbell Painting Corp.

Franz J. Skok, Johnstone Skok Loughlin & Lane, New York City, for fourth-party defendant Buel Staggers.

Richard E. Pravda, Jacobowitz, Spessard, Garfinkel & Lesman, New York City, for defendant, third-party plaintiff E. Daskal Corp.

Evan Goldberg, Rheingold & McGowan, P.C., New York City, for plaintiff Ricardo Landin.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Fourth-party defendant Buel Staggers ("Staggers") moves pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure to dismiss the Fourth–Party Complaint on the ground that this Court lacks in personam jurisdiction over Staggers. Fourth-party plaintiff George Campbell Painting Corp. cross-moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on the ground that Staggers' motion to dismiss is frivolous. For the reasons stated below, both motions are denied.

■ Staggers is a medical doctor licensed to practice in the State of New Jersey, who resides in East Orange, New Jersey, maintains medical offices in East Orange, New Jersey, and practices medicine in the state of New Jersey. He asserts that this Court lacks jurisdiction over his person because he has no "minimum contacts" with the State of New York. Staggers was joined as a fourth-party defendant pursuant to Fed.R.Civ.P. 14(a). As such, he is subject also to Rule 4(f) of the Federal Rules of Civil Procedure, also known as the "100–mile bulge" rule. Fed. R.Civ.P. 4(f) provides that a party joined pursuant to Rule 14 may be effectively served with process "at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced...."

The Court takes judicial notice of the fact that Staggers resides and maintains his office in East Orange, New Jersey, a city within 100 miles of Foley Square, New York, New York, the location of this Court. *See Spearing v. Manhattan Oil Transport,* 375 F.Supp. 764, 771 (S.D.N.Y.1974). By the facts set forth in his affidavit, Staggers is subject to the personal jurisdiction of the State of New Jersey within the 100–mile bulge. *Coleman v. American Export Isbrandtsen Lines, Inc.,* 405 F.2d 250, 252 (2d Cir.1968). Accordingly, as a party joined pursuant to Fed.R.Civ.P. 14, he is subject to the jurisdiction of the Court in this action. *Spearing, supra,* at 771. The motion to dismiss the Fourth–Party Complaint is denied.

■ Fourth-party plaintiff's cross-motion for sanctions is denied. Fourth-party defendant's counsel's motion is grounded on state court practice and shows a lack of familiarity with the Federal Rules of Civil Procedure. Counsel for the fourth-party defendant are ordered to show familiarity with the Federal Rules of Civil Procedure, the Local Rules of this Court and this judge's Rules of Practice in all future proceedings. Discovery is to be completed as previously scheduled by the Court.

IT IS SO ORDERED.