Sebastiana **D'ALBERTO** and Joseph D'Alberto, Plaintiffs,

v.

**GREYHOUND LINES, INC.** and Albert Petrusky, Defendants.

**GREYHOUND LINES, INC.,** Third-Party Plaintiff,

v.

Albert **PETRUSKY,** Third-Party Defendant.

**No. 67 Civ. 4612.**

United States District Court
S. D. New York.

June 13, 1968.

Landes, Wingate & Shamis, New York City, for plaintiffs.

Zepnick & Director, New York City, for defendant and third-party defendant, Petrusky.

Mellen, Donnelly & Fogarty, New York City, for defendant and third-party plaintiff, Greyhound Lines, Inc.

## MEMORANDUM

McLEAN, District Judge.

Plaintiff Sebastiana D'Alberto, a passenger on a Greyhound bus, allegedly was injured in a collision between the bus and an automobile owned and operated by Albert Petrusky. She and her husband, residents of New York, brought suit against Greyhound in the Supreme Court, New York County. Greyhound, a citizen of California and Illinois, removed the action to this court.

The accident occurred in Pennsylvania. That state has a statute which permits contribution between joint tortfeasors. Relying on that statute, Greyhound, pursuant to Rule 14, impleaded Petrusky as a third party defendant. Petrusky is a resident of New Jersey. The third party complaint was served on him there, pursuant to Rule 4(f) which permits service on impleaded third parties outside the state at points within 100 miles from the courthouse. Petrusky appeared and filed an answer to the third party complaint.

Plaintiffs thereupon amended their complaint and alleged a claim against Petrusky arising out of the accident. Petrusky filed an answer to the amended complaint in which he pleaded as an affirmative defense that "this court has no jurisdiction of the defendant Albert Petrusky * * *."

Defendant Petrusky is a party to this action. He was properly brought in by a valid service of process. Consequently, the court has jurisdiction over his person. Abramovitch v. United States Lines, 174 F.Supp. 587 (S.D.N.Y. 1959).

Rule 14 provides that when a third party defendant has been brought in "the plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." That is what plaintiff has done here.

Under 28 U.S.C. § 1332, the court has jurisdiction of the subject matter of the claim of plaintiffs against Petrusky because plaintiffs and Petrusky are citizens of different states. Cases relied upon by Petrusky of which Friend v. Middle Atlantic Transp. Co., 153 F.2d 778 (2d Cir. 1946) is typical, are not in point because in those cases diversity of citizenship between plaintiff and the third party defendant did not exist.

Since this court has both personal and subject matter jurisdiction of this claim, the affirmative defense is clearly invalid and must be stricken.

It may be noted that plaintiffs are apparently residents of the Eastern District of New York, not the Southern District, and hence there may be a question as to whether the Southern District is the proper venue for the action of plaintiffs against Petrusky. The authorities are split as to whether the venue statute, 28 U.S.C. § 1391, applies in a situation such as this. What seems to the court to be

the better view is that it does not, and that it is sufficient if the venue of the original action was proper. It was in this case because Greyhound does business in the Southern District. Abramovitch v. United States Lines, supra; Bonath v. Aetna Freight Lines, Inc., 33 F.R.D. 260 (W.D.Pa.1963). Contra: Habina v. M. A. Henry Co., Inc., 8 F.R.D. 52 (S.D.N.Y.1948).

In any case, Petrusky has not pleaded improper venue and this question is not now before the court.

Motion granted.

So ordered.