**Winifred M. JACOBS, Executrix of the Estate of Gerald Jon Jacobs, Deceased**

v.

**FLIGHT EXTENDERS, INC.**

v.

**LAKEWOOD AIRCRAFT SERVICE, INC.**

Civ. A. No. 80–0158.

United States District Court,
E. D. Pennsylvania.

July 13, 1981.

David S. Shrager, Philadelphia, Pa., for plaintiff.

J. Bruce McKissock of Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, Chief Judge.

This products liability case is in a seemingly anomalous posture. In 1979, plaintiff sued, *inter alia*, Lakewood Aircraft Service, Inc. and Flight Extenders, Inc. in the Eastern District of Pennsylvania. C.A. No. 79–1044 (E.D.Pa., filed Mar. 20, 1979) (the 1979 suit). On June 8, 1979, Lakewood moved to dismiss for lack of personal jurisdiction. Before I ruled on this motion, plaintiff filed a second lawsuit against Flight Extenders in the Eastern District of Pennsylvania, C.A. No. 80–0158 (E.D.Pa., filed Jan. 11, 1980) (the present 1980 suit); Flight Extenders impleaded Lakewood Aircraft Service, Inc. as a third party defendant in this latter suit, *see* Fed.R.Civ.P. 14(a); plaintiff amended her complaint to assert a direct action against the third party defendant

(Lakewood) in this latter suit; and third party defendant moved to dismiss this direct action by plaintiff for lack of personal jurisdiction, which motion was then withdrawn by stipulation of the parties. Plaintiff's 1979 and 1980 suits against Flight Extenders and Lakewood arise out of the same operative facts and involve identical legal theories of liability. On April 22, 1980, I granted Lakewood's motion to dismiss, in the 1979 suit, since I concluded that Lakewood's presence in Pennsylvania, the forum state, was not consistent with due process protection. *Jacobs v. Lakewood Aircraft Service, Inc.*, 493 F.Supp. 46 (E.D. Pa.1980).

After substantial discovery, it became apparent that "Flight Extenders, Inc." consists of two separate and legally unrelated corporations—Flight Extenders, a California corporation, and Flight Extenders, a Connecticut corporation. Flight Extenders, a California corporation, then moved for summary judgment against plaintiff in both the 1979 and 1980 suits. I granted this motion on April 3, 1981, *Jacobs v. Lakewood Aircraft Service, Inc.*, 512 F.Supp. 176 (E.D. Pa.1981), and denied plaintiff's motion for reconsideration on May 15, 1981.[1] There remains, then, plaintiff's 1979 and 1980 actions against defendant Flight Extenders, a Connecticut corporation, and plaintiff's direct action against third party defendant Lakewood in the 1980 action.

Third party defendant Lakewood now has renewed its motion to dismiss for lack of personal jurisdiction. This situation is apparently illogical since Lakewood is compelled to raise, for a second time, the defense of lack of personal jurisdiction against the same plaintiff involving the same facts and legal theories. However, for the reasons that follow, I conclude that this court has jurisdiction over third party defendant. I therefore will deny its motion to dismiss for lack of personal jurisdiction.

■ Defendant Flight Extenders, a California corporation, served third party defendant pursuant to the 100 mile "bulge" provision of Fed.R.Civ.P. 4(f). This rule states in pertinent part: "persons who are brought in as parties pursuant to Rule 14 ... may be served in the manner stated in paragraphs (1)–(6) of [Fed.R.Civ.P. 4(d)] at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced ...."[2] Third party defendant has minimum contacts with the "bulge" since it conducts business and has its corporate offices in New Jersey which is within 100 miles of the Eastern District of Pennsylvania federal courthouse. Third party defendant Lakewood can therefore be forced to defend defendant Flight Extenders's impleader suit in this forum. *Sprow v. Hartford Insurance Co.*, 594 F.2d 412, 416 (5th Cir. 1979); *Coleman v. American Export Isbrandtsen Lines, Inc.*, 405 F.2d 250 (2d Cir. 1968) (Friendly, J.); *Realco Services, Inc. v. Holt*, 479 F.Supp. 880, 885 (E.D. Pa.1979); *Spearing v. Manhattan Oil Transportation Corp.*, 375 F.Supp. 764, 771 (S.D. N.Y.1974); *Pierce v. Globemaster Baltimore, Inc.*, 49 F.R.D. 63 (D.Md.1969); 3 Moore's Federal Practice ¶ 14.28[1], at 14–611 (2d ed. 1980); Kaplan, *Amendments Of The Federal Rules Of Civil Procedure, 1961–1963 (I)*, 77 Harv.L.Rev. 601, 633 (1964); *cf. Deloro Smelting & Refining Co. v. Engelhard Minerals & Chemicals Corp.*, 313 F.Supp. 470 (D.N.J.1970) (third party defendant did not have contacts with forum state or with bulge area; motion to quash service granted).

■ Third party defendant is a party to this action; therefore plaintiff can "assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the [defendant] ...." Fed. R.Civ.P. 14(a). *See D'Alberto v. Greyhound Lines, Inc.*, 45 F.R.D. 33 (S.D.N.Y.1968).

---

1. Although I denied plaintiff's motion for reconsideration, I did clarify that I had granted only the summary judgment motion of Flight Extenders, a California corporation. Flight Extenders, a Connecticut corporation, has not made an appearance in this lawsuit.

2. Third party defendant does not contend that service did not comply with Fed.R.Civ.P. 4(d).

Permitting this latter action effectuates the economical purpose underlying rule 4(f) since it "enable[s] [this] court to determine [the] entire controvers[y]" among these three parties. Advisory Committee's Note of 1963 to Fed.R.Civ.P. 4(f). Were I to dismiss plaintiff's suit against third party defendant, for lack of personal jurisdiction, plaintiff would be forced to file a second lawsuit against third party defendant in New Jersey. But it is the avoidance of such a duplicative waste of judicial time that is the implementing principle of rule 4(f).

Lakewood cites my holding in the 1979 suit, 493 F.Supp. 46 (E.D.Pa.1980), and argues that it does not have the required minimum contacts with Pennsylvania to meet the due process requirements for personal jurisdiction. However, that holding is not dispositive here since the service of process upon Lakewood in the two lawsuits was effected pursuant to different federal rules of procedure.

In the 1979 suit, Fed.R.Civ.P. 4(e) applied. Rule 4(e) states in relevant part: "whenever a statute or rule of court of the state in which the district court is held provides . . . for service of a summons . . . upon a party not an inhabitant of or found within the state . . . service may . . . be made under the circumstances and in the manner prescribed in the statute or rule." That rule thus implicated the Pennsylvania longarm statute, 42 Pa.Cons.Stat.Ann. § 5322 (Purdon Supp.1981), and it was therefore necessary to construe the territorial reach of that statute consistent with the due process limitations upon a state court's exercise of jurisdiction that were articulated in *International Shoe* and its progeny. I concluded that there was an absence of "minimum contacts"; thus *the exercise of longarm jurisdiction* over Lakewood did not comport with due process protection.

■ But in the 1980 suit, Fed.R.Civ.P. 4(f) specifically applied. It was therefore necessary to refer to this rule in order to determine the validity of service and personal jurisdiction, for "[w]henever a statute of the United States . . . provides for service of a summons . . . upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute . . . ." Fed.R.Civ.P. 4(e). It is clear that Congress can extend the territorial jurisdiction of a federal district court, regardless of state boundaries. *Mississippi Printing Corp. v. Murphree*, 326 U.S. 438, 442, 66 S.Ct. 242, 244–45, 90 L.Ed. 185 (1946) (citing cases). The bringing in of parties under rule 4(f)'s 100 mile "bulge" provision is but one example of the territorial range of service that federal statutes or rules permit, *see, e. g.,* 15 U.S.C. §§ 5, 25 (1973); 28 U.S.C. § 2321(c) (1978); *id.* at § 2361 (1978); and indeed it is "but a moderate extension of the territorial reach of Federal process . . . ." Advisory Committee's Note of 1963 to Fed.R.Civ.P. 4(f). The dictates of due process are not irrelevant in determining the validity of rule 4(f) service since the fifth amendment's due process clause applies to service that is effected under federal rules and statutes. *Cf. Sprow v. Hartford Insurance Co.,* 594 F.2d at 416 ("application of the 100 mile bulge provision is limited to some extent by the due process clause"). However, the germane inquiry is different; the party served must merely have minimum contacts with the forum state (here Pennsylvania) or the bulge area (here New Jersey). The latter aspect of this test is satisfied here. The service of Lakewood, then, comported with the different jurisdictional standard of due process that applies when service of parties is effected under federal statutes or rules.

■ Third party defendant contends further that rule 4(f) does "not . . . expand [the] jurisdictional limitation for direct claims by plaintiffs against allegedly liable parties." Memorandum in Support of Third-Party Defendant Lakewood Aircraft's Renewed Motion to Dismiss at 6. I agree that rule 4(f) does not affect an *original* party's amenability to jurisdiction in the forum, *e. g., School District of Kansas City, Missouri v. Missouri,* 460 F.Supp. 421, 436 (W.D.Mo.1978), *appeal dismissed,* 592 F.2d

**680**

493 (8th Cir. 1979) (*per curiam*), *citing Pierce v. Globemaster*, 49 F.R.D. at 67; *Bachman v. Johnson*, 17 F.R.Serv.2d 1059 (E.D.Pa.1973); but in this case, plaintiff asserted a claim against a third party defendant who was not an original party to the 1980 suit. Once this court properly had jurisdiction over third party defendant pursuant to rule 4(f), plaintiff no longer needed to establish independently the personal jurisdiction of third party defendant. A contrary rule would "work hardship" on the parties since it would require two lawsuits in two courts thereby circumventing the design and purpose of rule 4(f). *See* Advisory Committee's Note of 1963 to Fed.R. Civ.P. 4(f).

■ Third party defendant also asserts that "[i]f ... plaintiff amends [her] [c]omplaint to assert a cause of action against the third party defendant ... independent grounds for jurisdiction are required." Memorandum in Support of Third-Party Defendant Lakewood Aircraft's Renewed Motion to Dismiss at 9. I do not quarrel with this statement, but it concerns only subject matter jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Plaintiff is a Pennsylvania citizen and third party defendant is a corporation whose principle place of business is in New Jersey. Therefore there are the requisite independent grounds for jurisdiction and the *Owen Equipment* rule is satisfied here.

Third party defendant may be suggesting that plaintiff must demonstrate that this court has personal jurisdiction over third party defendant without consideration of third party defendant's amenability to the suit brought by defendant. I reject this proposed test. It would eviscerate the intent of rule 4(f) since it would lead to multiple suits. Moreover, third party defendant has already been haled into court here. Surely it is fair and reasonable that it defend in this district court a second action which arises out of the same nucleus of fact and involves almost identical questions of fact and law as the first action. It may be somewhat burdensome for third party defendant to litigate this lawsuit in this forum. However, any incremental burdens that are caused by this lawsuit are more than offset by the concomitant saving in the efficient, orderly, and convenient resolution of these lawsuits in one forum.

I therefore hold that this lawsuit promotes the rule and purpose of rule 4(f). I will deny third party defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction.