Thomas DRAMES

v.

MILGREVA COMPANIA MARITIMA, S.A.

v.

BRISSONNEAU & LOTZ MARINE, S.A.

Civ. A. No. 82–4930.

United States District Court, E.D. Pennsylvania.

Aug. 15, 1983.

Charles Sovel, Philadelphia, Pa., for plaintiff.

Douglas Riblet, Craig Staples, Robert White and James Paul Dornberger, Philadelphia, Pa., for defendant and third-party defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This is an action for personal injuries which plaintiff allegedly suffered while working aboard the *M.V. Milly Gregos*, a Greek vessel docked in New Jersey and owned and operated by defendant Milgreva Compania Maritima, S.A. ("Milgreva"). Milgreva brought a third-party claim against Brissonneau & Lotz Marine, S.A. ("Brissonneau"), a French corporation, seeking indemnity or contribution based on Brissonneau's manufacture of the deck crane involved in plaintiff's accident. Presently before the Court is third-party defendant Brissonneau's motion to dismiss the claim against it for lack of jurisdiction. For the reasons that follow, the motion will be granted.

Milgreva, implicitly conceding that third-party defendant Brissonneau does not have the requisite contacts with Pennsylvania to allow this Court to assert in personam jurisdiction over Brissonneau, nonetheless contends that in personam jurisdiction exists under the interpretation of Fed.R.Civ.P. 4(f) found in *Jacobs v. Flight Extenders, Inc.*, 90 F.R.D. 676 (E.D.Pa.1981). Rule 4(f) provides in pertinent part:

[P]ersons who are brought in as parties pursuant to Rule 14, or as additional parties to a pending action or a counterclaim or cross-claim therein pursuant to Rule 19, may be served in the manner stated in paragraphs (1)–(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, or to which it is assigned or transferred for trial; . . . .

According to the *Jacobs* court, Rule 4(f) extends the traditional minimum contacts inquiry beyond the forum state's boundaries and allows a federal district court to assert in personam jurisdiction over a third-party defendant so long as the party served has the requisite contacts with the 100-mile bulge area.[1] *Jacobs v. Flight Extenders, Inc., supra,* 90 F.R.D. at 679–680. *Accord Sprow v. Hartford Insurance Co.,* 594 F.2d 412 (5th Cir.1979); *Coleman v. American Export Isbrandtsen Lines, Inc.,* 405 F.2d 250 (2d Cir.1968) (Friendly, J.); *Rodney Jones v. City Tank Corp.,* No. 80–4960 (E.D.Pa. Aug. 25, 1982). *But see Deloro Smelting & Refining Co. v. Engelhard Minerals & Chemical Corp.,* 313 F.Supp. 470, 477 (D.N.J.1970). Milgreva points to certain contacts third-party defendant has with New York, within 100 miles of this courthouse, and contends that these are sufficient to satisfy the in personam jurisdictional requirements.

Third-party defendant, while disagreeing with the *Jacobs* court's view of Rule 4(f), argues that it is inapplicable to the instant case in any event since third-party defendant was not served within 100 miles of this courthouse but was served in France, thousands of miles away. Upon reflection the Court is in agreement with third-party defendant on this point. Rule 4(f) clearly and expressly refers to situations where service itself occurs within the 100 mile area. Thus, the fact that third-party defendant is argued to have continuous and substantial contacts with New York is irrelevant, since service occurred not in New York but in France.

The Court notes that even assuming that Rule 4(f) was interpreted to allow a federal court to assert in personam jurisdiction over a third-party defendant, irrespective of where the third-party is served, so long as sufficient contacts with the 100 mile area existed, third-party defendant's con-

---

1. In the present case, the claim against Brissonneau does not arise out of forum-related, or bulge area related, activity. Thus, the proper inquiry is whether Brissonneau has continuous and substantial contacts with the appropriate areas. *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir.1982).

739

tacts here are insufficient to make the exercise of personal jurisdiction proper under the limits of the due process clause. The only contact third-party defendant has with the 100 mile area is its service contract with Arnessen Shipping Corp. in New York City whereby third-party defendant provides Arnessen with spare parts for use in repairing third-party defendant's equipment and occasionally directs Arnessen to repair equipment on vessels sailing in the area. This activity, while it might be deemed continuous, is too insignificant to be considered substantial. *See Strick Corp. v. A.J.F. Warehouse Distributors, Inc.,* 532 F.Supp. 951 (E.D.Pa.1982) (out-of-state corporation which had entered leases with Pennsylvania companies, maintained a Pennsylvania office for years, made phone calls into Pennsylvania, and advertised in a national industry journal circulated in Pennsylvania did not have continuous and substantial contacts with Pennsylvania); *Mobay Chemical Corp. v. Air Products & Chemicals Inc.,* 290 Pa.Super. 489, 434 A.2d 1250 (1981) (out-of-state corporation made 27 direct shipments worth $9,000.00 to three Pennsylvania customers over three-year period—no jurisdiction as contact with Pennsylvania not continuous and substantial); *Union National Bank v. L.D. Pankey Institute,* 284 Pa.Super. 537, 426 A.2d 624 (1980) (out-of-state entity which had continuously sent information packets regarding its classes into Pennsylvania and purchased over $200.00 worth of goods in Pennsylvania did not have continuous and substantial contacts with Pennsylvania); *Whalen v. Walt Disney World,* 274 Pa.Super. 246, 418 A.2d 389 (1980) (out-of-state company which had brought $1.5 million of merchandise in Pennsylvania and entered into an insurance contract with a Pennsylvania company did not have continuous and substantial contacts with Pennsylvania).

In sum, jurisdiction may not be asserted over third-party defendant since it does not have continuous and substantial contacts with Pennsylvania, and since it was not served within the 100-mile bulge area. Ac-

cordingly, the motion to dismiss must be granted.

An appropriate Order will be entered.