**Barbara DYSART**

v.

**MARRIOTT CORP., The Marriott Motor Hotels, Inc., and New Orleans Marriott Hotel Venture**

v.

**JENNIFER DALE, INC.**

v.

**JAFTEX CORP., and Imperial Best Made Quilting Corp., and Eastman Chemical Product, Inc. and Beamco Fabrics Co., Inc.**

v.

**CRISTEX CORP.**

v.

**SHERRIL KNITS, INC.**

Civ. A. No. 83–0311.

United States District Court, E.D. Pennsylvania.

June 15, 1984.

Steven I. Weiss, Langhorne, Pa., for plaintiff.

Steven B. Kantrowitz, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court are: (a) five motions to dismiss plaintiff's complaint against third-party defendants[1]; (b) plaintiff's motion for leave to amend its complaint[2]; and (c) defendants' motion for leave to file a third-party complaint.[3] The foregoing motions are addressed *seriatim.* All five motions to dismiss will be consolidated for discussion.

Consistent with this memorandum I am: denying the third-party defendants' requests to dismiss plaintiff's complaint; granting plaintiff's motion for leave to amend the complaint; and granting defendants' motion for leave to file third-party complaint.

## PROCEDURAL POSTURE

The third-party defendants have moved to dismiss plaintiff's complaint asserting

---

1. The Motions to Dismiss Plaintiff's Complaint Against Third-Party Defendants were filed on February 2, 1984 by Jennifer Dale, Inc.; on February 8, 1984 by Sherril Knits, Inc.; on February 13, 1984 by Jaftex Corp.; on February 22, 1984 by Beamco Fabrics Co.; and on February 24, 1984 by Cristex Corp.

2. Plaintiff's Motion for Leave to Amend Complaint Against Third-Party Defendants was filed on February 13, 1984.

3. Defendants' Motion for Leave to File Third-Party Complaint was filed on April 30, 1984.

that on January 19, 1983 plaintiff commenced this action against the defendant Marriott Corporation, the Marriott Motor Hotels, Inc.,[4] and the New Orleans Marriott Hotel Venture. The complaint claims damages for personal injuries which occurred on January 20, 1982. Defendants filed a motion for leave to join Jennifer Dale, Inc. and Millberg Factors, Inc.,[5] as third-party defendants, which was subsequently granted. The third-party complaint was filed on June 14, 1983. In August, 1983 third-party defendant, Jennifer Dale, Inc., filed a third-party complaint against Eastman Chemical Products, Inc., Jaftex Corporation, Beamco Fabrics, Inc., and Imperial Best Made Quilting Corporation. In December, counsel entered into a Stipulation and Order dismissing Millberg Factors, Inc., as a party to this litigation. Jennifer Dale, Inc., moved for leave to file a third-party complaint against Cristex Corp. The motion was granted and the third-party complaint was filed in December, 1983. With leave of court third-party defendant Jennifer Dale, Inc., filed a third-party complaint against Sherril Knits, Inc.

■ Plaintiff filed a complaint against the third-party defendants on January 20, 1984. Plaintiff had neither requested nor been granted leave of court to do so. The third-party defendants allege that the statute of limitations on plaintiff's personal injury claims expired on January 21, 1984. I disagree because plaintiff commenced the instant action against the third-party defendants within two years of the sustained injuries. 42 Pa.C.S.A. § 5524(2) provides in pertinent part that "an action to recover damages for injuries to the person ... caused by the wrongful act or neglect or negligence of another" must be commenced within two years. Plaintiff's other claims sound in breach of contract 42 Pa.C.S.A. § 5525 which provides that actions on a contract, whether express or implied in law, must be commenced within four years.

Additionally, the third-party defendants contend that plaintiff's complaint against them did not set forth the specific basis of jurisdiction.

## DISCUSSION

A. *Third-Party Defendants' Motions to Dismiss Plaintiff's Complaint*

In the motions to dismiss, the third-party defendants *contend* that Rule 14 of the Federal Rules of Civil Procedure (F.R.C.P. or rule), requires plaintiff to seek leave of court by motion and upon notice to all parties prior to filing a complaint against third-party defendants.

While F.R.C.P. 14(a) states in part that "... *a defending party*, as third-party plaintiff, may cause a summons or complaint to be served upon a person not a party to the action, ..." (emphasis supplied) and "... need not obtain leave of court to make the service if he files a third-party complaint not later than ten (10) days after he serves his original answer; ..." the rule imposes no burden upon plaintiff to seek leave of court to file a claim against a third-party defendant. *See, Straub v. Desa Industries, Inc.*, 88 F.R.D. 6, 8 (M.D.Pa.1980).

With regard to the plaintiff the rule merely states in relevant part that:
"... the plaintiff may assert any claim against a third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's complaint against a third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13." F.R.C.P. 14(a).

The rule provides further that "any party may move to strike the third-party claim or for its severance or separate trial." F.R.C.P. 14(a).

---

**4.** Pursuant to Stipulation and Order of January 23, 1983, the caption was amended deleting Marriott Motor Hotels, Inc., as a party to this action.

**5.** Pursuant to Stipulation and Order of December 7, 1983, the claims against Millberg Factors, Inc., were dismissed and Millberg was deleted from the caption.

Whereas, F.R.C.P. 14(a) provides a grace period of ten (10) days for a defending party to join a third-party defendant without leave of court, it does not specifically require that a plaintiff seek leave of court, regardless of when he files. Thus, it appears to follow that the plaintiff may do so at any time before the statute of limitations has run.

Thus, I believe F.R.C.P. 14 should be liberally construed to effectuate its intended purpose of "accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *U.S. v. Acord,* 209 F.2d 709, 712 (10th Cir.1954), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). *See also, Goodrich v. Burlington Northern R. Co.,* 701 F.2d 129, 130 (10th Cir.1983).

Separate actions would cause a multiplicity of litigation, which would not be economical or beneficial to the court or the litigants. One specific purpose of F.R.C.P. 14 is to avoid circuity of action and multiplicity of litigation. 6 Wright and Miller, *Federal Practice and Procedure* § 1442 at 205 (1978).

▇ The aforesaid interpretation of Rule 14 that the plaintiff may assert a claim against a third-party defendant at any time, without leave of court, prior to the running of the statute of limitations does not abuse the rights of the defendant or the other third-party defendants in this action. If the plaintiff in fact files the complaint at any time that would prejudice the defendants or other third-party defendants, they are free, by the provisions of F.R.C.P. 14(a) to move to strike the third-party claim or for its severance or separate trial.

The third-party defendants cite the cases of *Frankel v. Back,* 37 F.R.D. 545 (E.D.Pa. 1965); *Hankinson v. Pennsylvania Railroad Company,* 160 F.Supp. 709 (E.D.Pa. 1958); *Horan v. Pope and Talbot, Inc.,* 119 F.Supp. 711 (E.D.Pa.1953), in support of their motion to dismiss. However, all three of these cases rest on the fact that the third-party proceedings were impleaded subsequent to the running of the statute of limitations and were based upon the right of the defending party to dismiss because the statute had run.

Although in *Straub v. Desa Industries, Inc.,* 88 F.R.D. 6 (M.D.Pa.1980), it is stated that the plaintiff should have sought leave under F.R.C.P. 15 to assert its claim against the third-party defendants on the theory that an assertion of such a claim amounted to an amendment of the complaint, the court in fact refused to strike on that basis. The court in *Straub* stated, "... it is our finding that the amendment would have been permitted under Rule 15, because it would further the goal of Rule 14 to promote judicial efficiency by eliminating circuity of action by allowing all claims arising out of one occurrence to be tried in one action." *Straub v. Desa Industries, Inc.,* 88 F.R.D. at 9. Thus, the court permitted the amended complaint and denied the motions to strike.

An important factor to my decision is that "[r]ule 14 does not delineate the exact procedure which must be followed by a plaintiff who seeks to raise his claim against a third-party defendant. We have found no cases which specifically address this issue and state definitively [what] is the necessary procedure." *Straub v. Desa Industries, Inc.,* 88 F.R.D. 6, 8 (M.D.Pa. 1980).

### B. *Plaintiff's Motion for Leave to File An Amended Complaint Against Third-Party Defendants.*

Plaintiff has timely moved to amend her complaint in this action to state the basis of jurisdiction this court has over the third-party defendants.

▇ Once a third-party defendant has been properly brought within the jurisdiction of the court by an original defendant, personal jurisdiction need not be established independently by plaintiff. *Jacobs v. Flight Extenders, Inc.,* 90 F.R.D. 676, 679–80 (E.D.Pa.1981) (Lord, Ch.J.). Since the court already has personal jurisdiction over the third-party defendants, plaintiff's com-

plaint need not be served as original service under F.R.C.P. 4, but may be served pursuant to F.R.C.P. 5.

Plaintiff must still allege independent subject matter jurisdiction. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227 (3d Cir.1976); *Jacobs v. Flight Extenders, Inc.*, 90 F.R.D. 676 (E.D.Pa.1981). Diversity jurisdiction must still exist between plaintiff and third-party defendant. *Northern Contracting Company v. Langenfelder & Son, Inc.*, 439 F.Supp. 621 (E.D.Pa.1977). Plaintiff did not allege independent subject matter jurisdiction in the complaint which plaintiff filed against the third-party defendants, although plaintiff believes that diversity jurisdiction does actually exist between herself and the named third-party defendants. Thus, plaintiff has requested leave of court to amend pursuant to F.R.C.P. 15; said leave to amend is granted liberally. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Pursuant to Rule 15(c), any such amendment relates back to plaintiff's filing of her timely complaint against the third-party defendants.

■ Third-party defendants contend that plaintiff's complaint was filed after the statute of limitations had expired. I disagree. *Supra* at p. 17. Consequently, the authority in which the third-parties couch their argument is not applicable to the matter before me. *See, Hankinson v. Pennsylvania Railroad Co.*, 160 F.Supp. 709 (E.D.Pa.1958). Thus, it is within my discretion to grant plaintiff's motion for leave to amend; it is granted.

C. *Defendants' Motion for Leave to File Third-Party Complaint* [6]

■ The only third-party to respond to this motion was Sherril Knits, Inc., whose substantive argument attacked the filing as barred by the statute of limitations.

The first notice defendants appear to have had of the possible liability of these third-parties was on January 12, 1984 when Jennifer Dale's complaint was filed against the third-parties. I am not satisfied the statute has run as to these parties. The defendants may file a third-party complaint against said parties.

I note the filing was in compliance with the Federal Rules of Civil Procedure and the relative Local Rule of the Eastern District of Pennsylvania, Rule 22.

An appropriate Order follows.

ORDER

AND NOW, this 15th day of June, 1984, in consideration of the foregoing Memorandum, it is hereby ORDERED and DECREED that:

1. The Motion of Jennifer Dale, Inc. to Dismiss Plaintiff's Complaint is DENIED.

2. The Motion of Sherril Knits, Inc. to Dismiss Plaintiff's Complaint is DENIED.

3. The Motion of Jaftex Corp. to Dismiss Plaintiff's Complaint is DENIED.

4. The Motion of Beamco Fabrics Co., Inc. to Dismiss Plaintiff's Complaint is DENIED.

5. The Motion of Cristex Corp. to Dismiss Plaintiff's Complaint is DENIED.

6. Plaintiff's Motion for Leave to Amend Complaint is GRANTED.

7. Defendant's Motion for Leave to File Third-Party Complaint is GRANTED.

---

6. Defendants Marriott Corporation and New Orleans Marriott Hotel Venture seek to file a third-party complaint against Jaftex Corporation, Imperial Best Made Quilting Corporation, Eastman Chemical Products, Inc., Beamco Fabrics Company, Inc., Crystex Corporation, Sherril Knits, Inc., and Clearwater Finishing Company.