ASSOCIATES COMMERCIAL
CORPORATION, Plaintiff,

v.

LINCOLN GENERAL INSURANCE
COMPANY, Defendant/Third
Party, Plaintiff,

v.

MAHONING NATIONAL BANK, R.A.N.
Trucking Company, Provero Trucking
Company, Third Party Defendants.

Civ. A. No. 88–0263.

United States District Court,
W.D. Pennsylvania.

Dec. 5, 1988.

Brian Peck, New Castle, Pa., for plaintiff.

David L. Haber, Pittsburgh, Pa., for defendant Lincoln General Ins.

David Helwig, Pittsburgh, Pa., for Mahoning Nat. Bank.

## MEMORANDUM AND ORDER

SMITH, District Judge.

This matter comes before the Court[1] on third party defendant Mahoning National Bank's Motion to Dismiss, filed June 28, 1988. For the reasons stated hereinafter, we deny the Motion.

Plaintiff, Associates Commercial Corporation (Associates), filed a complaint against defendant/third party plaintiff Lincoln General Insurance Company (Lincoln), alleging that Lincoln failed to pay a collision damage claim due under a liability insurance policy written by Lincoln, on which Associates was the loss payee. The policy covered several tractor-trailer units purchased by one Barrett Connell with financing provided by Associates.

Lincoln filed an answer to Associates' complaint and asserted as an affirmative defense that it had paid a loss payment of Twenty Thousand, Eight Hundred Seventy-seven and 25/100 ($20,877.25) Dollars on a claim submitted to it. The draft which Lincoln issued was made payable to R.A.N.

Trucking Company (R.A.N.) and Provero Trucking Company (Provero), and Associates Leasing, Inc.

Lincoln petitioned this Court for leave to file a third party complaint, which leave was granted, by Order of the Honorable Hubert I. Teitelbaum, on June 7, 1988. Lincoln's Third Party Complaint asserts that the endorsement of Associates Leasing, Inc., on the draft which it issued was forged by employees or officers of Provero or R.A.N. The complaint further alleges that the draft was presented at the Mahoning National Bank (Mahoning). Lincoln asserts causes of action against R.A.N. and Provero for their alleged forgeries, and against Mahoning for negligence and breach of U.C.C. warranties in accepting the fraudulently endorsed draft.

Mahoning, by affidavit, has averred without contradiction that its offices are in Ohio alone, that it owns no property in Pennsylvania, is not licensed to do business in Pennsylvania, and makes no loans in Pennsylvania. Further, Mahoning avers without contradiction that the allegedly forged draft was accepted for payment and deposited at a branch office in Cornersburg, Ohio. Lincoln, by Request for Admissions Directed to Third Party Defendant Mahoning National Bank, has established that Mahoning maintains some or all of its branch offices, and its main office, in Ohio within 100 miles of the courthouse for this judicial district in Pittsburgh, Pennsylvania.

Mahoning moves to dismiss Lincoln's third party complaint against it under Fed. R.Civ.P. 12(b)(2), asserting that this Court has no *in personam* jurisdiction over it.[2] Lincoln, while conceding that Mahoning has insufficient minimum contacts with Pennsylvania to support personal jurisdiction, argues that because Mahoning has significant business operations within 100 miles of a courthouse for this judicial dis-

---

1. This matter was reassigned to this judge on November 8, 1988, by Order of the Honorable Maurice B. Cohill, C.J.

2. Plaintiff, Associates, is a citizen of Illinois; defendant/third party plaintiff Lincoln is a citi-

zen of Pennsylvania; third party Provero and R.A.N. are averred to be citizens of Pennsylvania; third party Mahoning is a citizen of Ohio. Subject matter jurisdiction and venue are proper in this Court, and not contested.

trict and since service has been effected within that 100 mile "bulge" under Fed.R. Civ.P. 4(f), jurisdiction is proper.

*Analysis:*

Rule 4(f) provides, in pertinent part: [P]ersons who are brought in as parties pursuant to Rule 14 ... may be served ... at all places outside the state [in which the district court is held] but within the United States that are not more than 100 miles from the place in which the action is commenced....

This has been interpreted by the Second, Fifth and Tenth Circuits to authorize the exercise of personal jurisdiction over a party served under Rule 4(f) if minimum contacts exist within the 100 mile "bulge" area. *Sprow v. Hartford Fire Insurance Company*, 594 F.2d 412 (5th Cir.1979); *Coleman v. American Export Isbrandtsen Lines, Inc.*, 405 F.2d 250 (2d. Cir.1968); *Quinones v. Pennsylvania General Insurance Company*, 804 F.2d 1167 (10th Cir. 1986). Judge Friendly, writing for the Second Circuit, would even allow jurisdiction if the party served had minimum contacts anywhere within the entire state within which service was effected. *Coleman*, supra, 405 F.2d at 252–253. The only limitation on this expansive theory would be that service must actually be effected within the "bulge" area. *See Drames v. Milgreva Compania Maritima, S.A.*, 571 F.Supp. 737 (E.D.Pa.1983) (dismissing complaint) (semble).

No party has cited, nor has our research disclosed, Third Circuit rulings on this question. Decisions of other circuits are not binding precedent for this Court. *Bonham v. Dresser Industries, Inc.*, 424 F.Supp. 891, 896 (W.D.Pa.1976) *rev'd in part on other grounds* 569 F.2d 187 (3d. Cir.1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1979). However, such decisions, especially in areas of the law where there is a strong interest in uniformity, should be accorded due consideration. *Butler County Memorial Hospital v. Heckler*, 780 F.2d 352, 357 (3d Cir. 1985); *Colby v. J.C. Penney Company, Inc.*, 811 F.2d 1119, 1123–24 (7th Cir.1987). While strong arguments can be made for

the proposition that the "bulge" service provisions of Rule 4(f) were intended to affect only service of process in matters in which the district court clearly had personal jurisdiction but in which a party was frustrating service by remaining outside the forum district's state, and for the proposition that it is unfair to cause an Ohio defendant to be subjected to a suit in Pennsylvania with which it has no contacts merely because it can be served under the federal rules, the weight of opinion clearly is to the contrary. *See Sprow, supra; Coleman supra; Jacobs v. Flight Extenders, Inc.*, 90 F.R.D. 676 (E.D.Pa.1981). Until the Third Circuit addresses the issue, we will follow those expansive rulings. An appropriate Order will follow.