LANGSAM–BORENSTEIN PARTNER-
SHIP by its General Partner,
Henry I. LANGSAM

v.

NOC ENTERPRISES, INC., t/a
NOC, Inc., t/a Noble Oil
Corp., t/a Noble Oil,

v.

Solomon and Elkonah KRAUSZ.

Civ. A. No. 90–2675.

United States District Court,
E.D. Pennsylvania.

Dec. 5, 1990.

Henry I. Langsam, Rammler & Lang-
sam, Philadelphia, Pa.

J. Eric Kishbaugh, Parker, McCay &
Criscuolo, Cherry Hill, N.J.

## MEMORANDUM

LUDWIG, District Judge.

Third-party defendants move to quash service of the third-party complaint [1] and to dismiss for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). They also move to quash service of trial and deposition subpoenas.

This breach of contract action arose upon the following facts: Langsam–Borenstein Partnership is a financial lender having its principal place of business in Philadelphia, Pennsylvania. Langsam–Borenstein claimed that NOC failed to pay its assignor, Bulk Systems, Inc., a Pennsylvania corporation, for oil hauling and storage services in the amount of $103,243.

The third-party complaint alleges that via a so-called "through-put" arrangement, Solomon Krausz and his son, Elkonah, were permitted to refine waste oil at NOC's facility in New Jersey. This arrangement lasted from 1983 to 1990, during which time NOC's only alleged connection to the oil refining business was to receive monthly payments from defendants for the "through-put" rights. According to the third-party complaint, the Krausz defendants without authorization entered into contracts and made representations purporting to act on NOC's behalf. NOC claims compensatory damages, indemnification and contribution.[2]

---

1. On September 25, 1990 Solomon and Elkonah Krausz were joined as third-party defendants. On October 29, 1990 plaintiff Langsam–Borenstein Partnership and defendant NOC, Inc. set-

tled. Left outstanding was NOC's claim against the third-party defendants.

2. Jurisdiction is diversity. 28 U.S.C. § 1332. However, the citizenship of the parties is not

On October 15, 1990 Elkonah Krausz was served at his home in Monroe, New York, with the third-party complaint, a subpoena compelling him to appear and produce documents at a deposition at Langsam's counsel's offices in Philadelphia, and a subpoena requiring him to testify and produce documents at the trial scheduled for October 29, 1990. Third-party's motion to quash and dismiss, ¶¶ 2, 5. Solomon Krausz has not been served. *Id.*, ¶ 3.

■ Third-party defendants move to quash service of the third-party complaint as ineffective inasmuch as it was not served within 100 miles of Philadelphia, Fed.R.Civ.P. 4(f),[3] and to dismiss the complaint for lack of personal jurisdiction, Fed. R.Civ.P. 12(b)(2).[4]

> [T]he proper procedural rubric within which to analyze [the motion to quash] is the "bulge" provision of Fed.R.Civ.P. 4(f). Although the Third Circuit has yet to address the question, Federal Rule of Civil Procedure 4(f) has long been interpreted as expanding the jurisdiction of the federal courts beyond the limits of the long-arm statute of the forum state, an expansion which has been held to be within the power of Congress whether acting by statute or by rule.

*MacNeil v. K. Mart Corp.*, 1987 WL 12291 (E.D.Pa. June 4, 1987). *See also Salamon v. Motor Vessel Poling Bros. No. 11, Inc.*, 1989 WL 65517 (E.D.N.Y. June 6, 1989) ("The circuit courts have uniformly concluded that if a party delineated in Rule 4(f) has minimum contacts with the bulge area, the district court in the forum state gains personal jurisdiction over him through service of process pursuant to Rule 4"); *Associates Commercial Corp. v. Lincoln General Insurance Co.*, 702 F.Supp. 104, 106 (W.D.Pa.1988); *Jacobs v. Flight Extenders, Inc.*, 90 F.R.D. 676, 679 (E.D.Pa.1981).

As to Rule 4(f), the lack of service within the so-called bulge is not in serious dispute. Third-party defendants argue that "[t]he location of the residences of both Solomon Krausz and Elkonah Krausz ... are each outside ... the 100 mile territorial limit of effective service of process." Third-party defendants' motion, ¶ 9. Third-party plaintiff concedes "that it is possible that Monroe, New York is more than 100 miles distant from Philadelphia.... However, the service of the summons and Third-Party Complaint is valid whether or not within the 100 mile territorial limitation." Third-party plaintiff's brief at 3.[5] It cites the Pennsylvania long-arm statute in support of this position. 42 Pa.C.S.A. § 5322(b) (Purdon 1981).

The long-arm statute, however, will not avail where service occurs outside the bulge. "Rule 4(f) clearly and expressly refers to situations where service itself occurs within the 100 mile area." *Drames v. Milgreva Compania Maritima, S.A.*, 571 F.Supp. 737, 738 (E.D.Pa.1983). *See also Mitsui & Co. v. M/V Flora*, 1986 WL 12449, 2 (E.D.Pa. Nov. 4, 1986) (that third-party defendant "may have had continuous

---

explicitly alleged. NOC admits that it is a New Jersey corporation having its principal place of business in Vincentown, New Jersey. NOC's amended answer to amended complaint, ¶ 2. NOC's third-party complaint states that the Krauszs reside in New York, with Elkonah Krausz having his "principal place of business" there. Third-party complaint, ¶ 2.

**3.** "[Third parties may be served] at all places outside the state but within the United States that are not more than 100 miles from the place where the action is commenced." Fed.R.Civ.P. 4(f). The "bulge area" is a 100–mile radius of the courthouse, measured on a straight line, i.e., by air miles, or "as the crow flies." *See, e.g.,* Original Practice Commentary on Fed.R.Civ.P. 4(f), C4–31; *Crausman v. Curtiss–Wright Corp.*, 1988 WL 81769 (D.N.J. Aug. 4, 1988) (citing

cases); *Pillsbury Co. v. Delta Boat & Barge Rental, Inc.*, 72 F.R.D. 630 (E.D.La.1976).

**4.** Defendants also move to quash the service of trial and deposition subpoenas. These motions are moot. The original action was dismissed as settled under Local Rule 23(b). There was no trial. As Elkonah Krausz is a party, a subpoena is not required to compel his attendance at depositions. Fed.R.Civ.P. 30. 8 Wright & Miller, Federal Practice & Procedure 2d, § 2107 (1970).

**5.** Judicial notice is taken that "as the crow flies" Monroe, New York, is beyond 100 miles from the Federal Courthouse in Philadelphia, Pennsylvania. *See The National Atlas of the United States of America,* U.S. Dept. of the Interior Geological Survey, Washington, D.C., 1970.

and substantial contact with those portions of the 100–mile bulge that lie in New York and/or New Jersey is irrelevant to whether this court can exercise in personam jurisdiction over [it] in the case at hand [because it was] served at its offices in South Carolina well without the 100–mile bulge that surrounds this court"); *Associates Commercial Corp.*, 702 F.Supp. at 106 ("The only limitation on [Rule 4(f)'s] expansive theory would be that service must actually be effected within the 'bulge' area").

■ Furthermore, NOC has not made out a prima facie case of personal jurisdiction based on third-party defendants' contacts within Pennsylvania. Under Rule 4(e), personal jurisdiction may be exercised over a nonresident to the extent permitted by state law.[6] *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir.1990); *Colmen Financial Services v. Charter Equipment Leasing Corp.*, 708 F.Supp. 664, 666 (E.D.Pa.1989). The reach of the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5322(b) (Purdon 1981), is co-extensive with the due process clause of the United States Constitution. *See, e.g., Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984); *Colmen*, 708 F.Supp. at 666 n. 2; *M.P.A. Inc. v. Avalon Pointe Marina, Inc.*, 1988 WL 46219 at 1 (E.D.Pa. May 10, 1988); *Koenig v. International Brotherhood of Boilermakers*, 284 Pa.Super. 558, 566, 426 A.2d 635, 639 (1980). Due process is satisfied if defendant purposefully established minimum contacts in the forum state. *Burger King v. Rudzewick*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *Time Share*, 735 F.2d at 63; *Colmen*, 708 F.Supp. at 666 n. 2.

*Sterling Supply Corp. v. Craig*, 1990 WL 182138, 1 (E.D.Pa. Nov. 20, 1990). *See also North Penn Gas*, 897 F.2d at 690.

Important factors in determining whether [the minimum contacts] test has been met are the quality of the contacts between the defendant and the forum state, *see McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), whether the cause of action flows from the contact or contacts, and whether the defendant has purposefully availed itself of the privilege of conducting activities in the forum state. *See Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The test is whether "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

*Nolt & Nolt, Inc. v. Rio Grande, Inc.*, 738 F.Supp. 163, 165 (E.D.Pa.1990). *See also Anderson v. Christmas*, 1990 WL 56493 at 2 (E.D.Pa. May 1, 1990). Once the jurisdictional objection has been made, the burden is on plaintiff to show the sufficiency of the nonresident defendant's activities within the state. *North Penn Gas*, 897 F.2d at 689; *Provident National Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3rd Cir.1987). To meet this burden, "the plaintiff must establish that the particular cause of action sued upon arose from defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident*, 819 F.2d at 437. The "plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion.... Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson By Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (quoting *Time Share*, 735 F.2d at 67 n. 9). *See also North Penn Gas*, 897 F.2d at 689.

The third-party complaint presents no facts regarding third-party defendants'

---

**6.** "Whenever a statute or rule of court of the state in which the district court is held provides ... for service of a summons ... upon a party not an inhabitant of or found within the state ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule." Fed.R.Civ.P. 4(e).

contacts with this forum. It specifically alleges that both Krauszs reside in New York and that one of them has his place of business there. It also states that the third-party defendants entered into unauthorized contracts with others, but fails to identify whom third-party defendants negotiated with or where the negotiations occurred.

In its response to the motion to dismiss, third-party plaintiff claims that "[t]he facts which give rise to the Third–Party Complaint are based on the conduct of business by Third–Party Defendants or either of them in the Southern New Jersey–South Eastern Pennsylvania area." Third-party plaintiff's opposition to third-party defendants' motions, ¶ 10. NOC's memorandum asserts that Elkonah Krausz negotiated with a representative of Bulk Systems, Inc. in the "Philadelphia area through various telephone conversations and fax transmissions between Philadelphia and Southern New Jersey which resulted in the preparation of the contract." *Id.* Defendants "routinely did business with Bulk Systems, Inc. in the Philadelphia area resulting in the receivables for which plaintiff seeks compensation." *Id.* Furthermore, "Elkonah Krausz made at least one appearance in Pennsylvania pursuant to that business relationship." Third-party plaintiff's opposition to third-party defendants' motions at 4.

NOC's factual showing of personal jurisdiction falls far short of its burden. One visit to this forum by Elkonah Krausz and an unspecified number of telephone calls and fax transmissions are not enough to comport with due process. *See, e.g., Anderson,* 1990 WL 56493, 1 (E.D.Pa. May 1, 1990) ("Even allowing for the potential evidentiary problems presented in plaintiff's submissions by treating all his motions, pleadings and documents as true and authentic, they do not establish any basis for asserting personal jurisdiction over these defendants"); *Sterling,* 1990 WL 182138, 3 (E.D.Pa. Nov. 20, 1990). Without affidavits or other competent evidence as to third-party defendants' contacts or activities within Pennsylvania, mere allegations that they conducted activities in the "area" surrounding Philadelphia, no matter how routine or numerous these activities may have been, will not support personal jurisdiction in this court.

## ORDER

AND NOW, this 5th day of December, 1990 third-party defendants' motions to quash service of the third-party complaint and to dismiss for lack of personal jurisdiction are granted.