Gants, J.
The defendant I.C.M.A. San Giorgio, SpA (“I.C.M.A.”) has moved to dismiss the plaintiffs’ second amended complaint, adding I.C.M.A. as a defendant, for insufficiency of process and insufficiency of service of process. After hearing, for the reasons stated below, the motion to dismiss is DENIED.
On June 24, 1998, this Court allowed defendant Jones & Vining, Inc.’s motion for leave to file a third-party complaint against I.C.M.A. and gave it up to 180 days to serve I.C.M.A., which is headquartered in Italy. The same day, the Court allowed the plaintiffs to file a direct claim against I.C.M.A. by adding them as a defendant through a Second Amended Complaint. On November 19, 1998, Jones & Vining served I.C.M.A. with the third-party summons and complaint in the manner required under the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (“the Hague Convention”), 20 U.S.T. 361, T.I.A.S. 6638, reprinted in 28 U.S.C.A., Fed.R.Civ.P. 4 at 210-29 (1992). On December 7, 1998, an attorney for I.C.M.A. entered a general appearance in this case by moving to sever or stay the case against it or enlarge the tracking order. On January 15, 1999, the plaintiffs mailed a copy of the Second Amended Complaint to I.C.M.A.’s attorney in accordance with Mass.R.Civ.P. 5(b).
I.C.M.A. argues that service of the Second Amended Complaint upon it must be made in accordance with the Hague Convention even though its attorney had already entered a general appearance in the case. The Hague Convention, however, is silent as to whether, once a pleading has already been properly served upon the foreign defendant and the attorney for that foreign defendant enters an appearance in the case, future pleadings by other parties must be served in accor *693 dance with the terms of the Convention. See the Hague Convention, Articles 2-6, 10, reprinted in 28 U.S.C.A., Fed.R.Civ.P. 4 at 210-11 (1992).
Mass.R.Civ.P. 5 requires an attorney of a party to serve the attorney for another party to a case with all pleadings after the original complaint has been filed, and permits that service to be by mail. Here, by January 15, 1999, I.C.M.A. was a party in the case, albeit a third-party defendant, and its attorney had entered an appearance in the case. Consequently, the service by the plaintiffs of the amended complaint upon I.C.M.A.’s attorneys was permitted under Mass.R.Civ.P. 5. See Dysart v. Marriott Corp., 103 F.R.D. 15, 18-19 (E.D. Pa. 1984) (“Since the court already has personal jurisdiction over the third-party defendants, plaintiffs complaint need not be served as original service under F.R.C.P. 4, but may be served pursuant to F.R.C.P. 5.’j. Indeed, personal service of the amended complaint on I.C.M.A. would have been prohibited by the terms of Rule 5 and arguably a breach of legal ethics. See Supreme Judicial Court Rule 3.07, Massachusetts Rules of Professional Conduct, Rule 4.2 (“a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter”).
Applying the dictates of the Hague Convention to service of the amended complaint in this circumstance is not in accordance with the stated purpose of the Convention, which is “to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time.” Id., Preamble at 210. Once a foreign corporation has been served under the Hague Convention, it has notice that it is a party in a legal proceeding in this country. Once its attorney enters an appearance in that legal proceeding, it has a legal representative in that proceeding to protect its interests. Service upon that legal representative in accordance with Mass.R.Civ.P. 5 will ensure actual and timely notice to the foreign corporation of the existence, content, and legal significance of the pleading far more reliably than formal service under the Hague Convention. Pragmatically, it makes no sense to require another parly in that litigation to go through the considerable steps required under the Hague Convention to serve the foreign corporation directly with a post-complaint pleading when the first thing that a foreign corporation will (and should) do upon receipt of the pleading is send it to its attorney in the litigation and ask about its significance. Indeed, if the corporation is served directly and the attorney is not, and the corporation fails to notify its attorney of its receipt of this pleading, then the attorney retained to protect the corporation’s interest in the litigation will effectively be prevented from doing his job. If we truly care about protecting the interests of a foreign corporation in civil litigation (and we do), then service upon the attorney is more likely meaningfully to protect those interests than service directly upon the client, with all its risks of delay, confusion, and miscommunication.
Since the Hague Convention does not prohibit the service upon counsel done here and since the spirit of the Convention and the letter of the Massachusetts Rules of Civil Procedure require such service, this Court will not find the service insufficient as a matter of law.
I find that the 90 day time limit set forth under Mass.R.Civ.P. 4(j) applies to the service of a complaint, even if that service is accomplished via Mass.R.Civ.P. 5. It is not sound practice for this Court to have complaints be filed but not served, leaving them in legal limbo. However, I am satisfied that the plaintiffs have shown good cause for their delay in effecting service in this case — they wanted I.C.M.A. as a defendant only if Jones & Vining, Inc. succeeded in effecting service on I.C.M.A. as a third-party defendant, and therefore waited until after that service had been accomplished before effecting its own service on I.C.M.A.
ORDER
For these reasons, I.C.M.A.’s motion to dismiss is DENIED.